UNITED STATES of America, Plaintiff,

v.

Juanita F. FEARS, Defendant.

No. CR-4-78-2.

United States District Court,
E. D. Tennessee,
Winchester Division.

Memorandum Opinion and Order
Jan. 30, 1978.

On Motion for Bill of Particulars
Jan. 30, 1978.

On Motion to Suppress March 27, 1978.

John H. Cary, U. S. Atty., Guy W. Blackwell, Jr., and Richard K. Harris, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Cecil D. Branstetter, Nashville, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Ms. Fears moved the Court for a continuance of trial herein, predicated primarily on her contention that other commitments of her counsel prevent his investigation of the charge against her and her consultation with him. Such motion is addressed to the sound discretion of this Court. *United States v. Sisk*, C.A. 6th (1969), 411 F.2d 1192, 1195[2], certiorari denied (1970), 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509.

The indictment herein was returned against Ms. Fears by a grand jury on January 13, 1978. Basically, the act with which she is charged is the making of a certain telephone call in this district on or about February 7, 1977 in violation of the provisions of 18 U.S.C. § 844(e).

This Court is required to give precedence to criminal proceedings as far as practicable, to minimize undue delay and to further the prompt disposition of criminal cases, Rules 50(a), (b), Federal Rules of Criminal Procedure, to the end of accelerating the disposition of criminal cases consistently with the time standards of the plan of this district for the disposition of criminal cases and the objectives of effective law enforcement, fairness to accused persons, and effi-

cient judicial administration, 18 U.S.C. § 3165(b). It is permitted to grant continuances only upon the basis of findings that the ends of justice which will be served by taking such action outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

■ This Court, in the exercise of its soundest discretion, is unable to so find herein. Whether the defendant made the telephone call with which she is charged in the indictment herein does not appear to the Court to require the type of intensive and lengthy investigation some other type of charge might implicate. If she knows whether she did, or did not, make the telephone call charged, it is difficult to visualize just how it would require a great deal of time to consult with and obtain the assistance of her counsel in connection with that matter.

■ Even as to civil matters in federal courts, the fact that counsel therein is busy with other important matters does not excuse a failure to attend to matters regularly assigned for action in courts of the federal system. *Link v. Wabash Railroad Company* (1962), 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. This "* * * is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. * * *" *Ibid.*, 370 U.S. at 629–630, 82 S.Ct. at 1388. *A fortiori* the professional schedule of a busy lawyer cannot be allowed to disrupt the orderly administration of the criminal business of this Court.

Motion DENIED.

## ON MOTION FOR BILL OF PARTICULARS

■ On motion therefor of the defendant, the prosecution hereby is DIRECTED to file forthwith a bill herein, particularizing the date and approximate hourly time thereof when the defendant is charged by the grand jury with having made the telephone call adverted to in the indictment herein.

If known to the prosecution, the location of the telephone from which such call is alleged to have been made by the defendant, and the number thereof, will also be particularized. Rule 7(f), Federal Rules of Criminal Procedure; *cf. United States v. Vasquez*, D.C.N.Y. (1958), 25 F.R.D. 350, certiorari denied (1961), 365 U.S. 887, 81 S.Ct. 1040, 6 L.Ed.2d 197.

To any other extent, the motion of the defendant for a bill of particulars hereby is

DENIED.

## ON MOTION TO SUPPRESS

The defendant Ms. Fears moved the Court to suppress as evidence herein certain recorded telephonic conversations which may have been made by her, any knowledge gained thereby, and any recorded voice exemplars given by her under the compulsion of the grand jury "* * * without first advising [her] of her Thirteenth Amendment rights." Rule 12(b)(3), Federal Rules of Criminal Procedure. The motion lacks merit and hereby is

DENIED.

■ It is stipulated that if an evidentiary hearing were held on such motion, the government would call as a witness Mr. James F. Grider who would testify that his residence telephone number is (615) 684–9449; that on or about February 7, 1977, at approximately 12:05 a. m. he received a telephone call at said number; that he recorded said telephone call on his own tape recorder; that he had provided said recording to agents of the bureau of alcohol, tobacco and firearms; and that the recording Ms. Fears seeks to suppress as evidence herein is this same recording.

Based upon the foregoing stipulations, the aforementioned telephonic communication was not acquired illegally, and Ms. Fears is not entitled to have it, or any knowledge gained thereby, suppressed. 18 U.S.C. § 2511(2)(d); *United States v. Largent*, C.A. 6th (1976), 545 F.2d 1039, 1043[8], certiorari denied (1977), 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 546; *United States v. Hodge*, C.A. 6th (1976), 539 F.2d 898, 904–

905[13], [14], [15]; *United States v. Franks*, C.A. 6th (1975), 511 F.2d 25, 30–31[6], certiorari denied (1975), 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693. "* * * Each party to a conversation, telephonic or otherwise, takes the risk that the other party may divulge the contents of that conversation, and should that happen, there has been no violation of the right of privacy. *Pathbun v. United States*, 355 U.S. 107, 111, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957). * * *" *Smith v. Cincinnati Post & Times-Star*, C.A. 6th (1973), 475 F.2d 740, 741[4].

▮ Neither is the defendant entitled to have the aforementioned voice exemplars suppressed. As Ms. Fears concedes, requiring her to give any such exemplars was not in violation of her respective rights under the Constitution, Fourth or Fifth Amendments. *United States v. Mitchell*, C.A. 6th (1977), 556 F.2d 371, 382[12, 13], citing *United States v. Dionisio* (1973), 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67. The defendant cites no authority in support of her claim that the Constitution, Thirteenth Amendment,* requires the suppression of this evidence and the Court's independent research revealed none. Accordingly, this ground is without merit.

Ms. Fears moved the Court also to dismiss the indictment herein on the ground that it does not charge an offense against the United States. Rule 12(b)(2), Federal Rules of Criminal Procedure. Such motion also lacks merit and hereby is

DENIED.

▮ The Congress has provided that "* * * [w]hoever, through the use of the * * * telephone * * * or other instrument of commerce, * * * maliciously conveys false information knowing the same to be false, concerning an * * * alleged attempt * * * to be made, to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, * * * by means of an explosive shall be imprisoned for not more than five

years or fined not more than $5000, or both. * * *" 18 U.S.C. § 844(e). This offense against the United States is precisely what Ms. Fears is charged with herein. The one-count indictment charges that on or about February 7, 1977, within the jurisdiction of this Court, Ms. Fears:

* * * by means and use of an instrument of commerce, that is a telephone, maliciously did convey false information, knowing the same to be false, concerning an alleged attempt to be made to kill, injure, and intimidate James E. Grider and Vickie W. Grider and to unlawfully damage and destroy a building, to wit, the residence of James E. and Vickie W. Grider known as 209 Hilltop Road, Shelbyville, Tennessee, by means of an explosive, the said information being substantially as follows: "At 12:20 there's a bomb under your house."

* . * * * * *

Thus, on its face, the indictment herein does charge Ms. Fears with the commission of an offense against the United States, namely, a violation of 18 U.S.C. § 844(e). Nevertheless, the defendant contends: (1) that since the allegedly false statement was directed at a mere personal residence, such was not a "building" within the meaning of the aforecited statute; and (2) that the indictment refers to a telephone call made to the home of Mr. and Mrs. Grider, "* * * and such home telephone is not an instrument of commerce as such phrase is used in 18 U.S.C. § 844(e). * * *"

▮ This Court must ascertain the congressional intent in the enactment of 18 U.S.C. § 844(e) and give effect to the legislative will. *Philbrook v. Glodgett* (1975), 421 U.S. 707, 713, 95 S.Ct. 1893, 44 L.Ed.2d 525, 533[4]. Criminal statutes must be strictly construed, *Barber v. Gonzales* (1954), 347 U.S. 637, 642–643, 74 S.Ct. 822, 98 L.Ed. 1009, 1014 (headnotes 6, 7); and the words of a statute must be given their ordinary meaning unless a contrary intention of the Congress clearly appears, see

---

* "* * * Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Constitution, Thirteenth Amendment.

*United States v. P. Koenig Coal Co.* (1926), 270 U.S. 512, 520, 46 S.Ct. 392, 70 L.Ed. 709, 713 (headnote 3). Where the words of a statute are sufficient in and of themselves to determine the purpose of the legislation, the courts will follow their plain meaning. *Perry v. Commerce Loan Co.* (1966), 383 U.S. 392, 400, 86 S.Ct. 852, 15 L.Ed.2d 827, 833[5], rehearing denied (1966), 384 U.S. 934, 86 S.Ct. 1441, 16 L.Ed.2d 535. However, if the wording of a statute leads to an absurd or futile result, or to an unreasonable result plainly at variance with the policy of the legislation as a whole, the court must follow the purpose of the statute rather than its literal words. *Ibid.*, 383 U.S. at 400, 86 S.Ct. at 857, 15 L.Ed.2d at 833–834[6], [7].

 In 18 U.S.C. § 844(e), the Congress chose expressly to use the language "* * * any building. * * *" The legislative history relating to this particular statute states that this:

> * * * section makes it an offense to threaten, or convey false information known to be false, about attempts to kill, injure, or intimidate any person, or unlawfully to damage or destroy *any building* [emphasis supplied] or property. * * *

2 U.S.Code Cong. & Admin.News (1970), pp. 4045–4046. There is nothing in the legislative history indicating that the Congress did not intend "* * * any building * * *" to mean, *any* building. The plain language of 18 U.S.C. § 844(e) would not lead to an absurd or futile result, nor is such construction unreasonable and plainly at variance with the policy of the legislation as a whole.

Assuming, *arguendo*, that the Congress did not intend the provisions of 18 U.S.C. § 844(e) to reach the malicious conveyance of false information concerning an alleged attempt to unlawfully damage or destroy a personal residence, then the defendant's contention overlooks the alternative aspect of such statute outlawing such a conveyance concerning an attempt to kill, injure, or intimidate any individual. Ms. Fears makes no claim that either Mr. or Mrs. Grider was not an individual within the meaning of this statute. The indictment charges this alternative portion of the statute also.

 The defendant cites no authority in support of her contention, that a call placed to a home telephone is not covered by 18 U.S.C. § 844(e), and the Court's independent research reveals none. There is nothing in the legislative history supporting such contention.