**Rufus Lee SMITH, Plaintiff,**

v.

**Howard R. WUNKER, Defendant.**

**No. 8081.**

United States District Court,
S. D. Ohio, W. D.

April 13, 1972.

Harvey B. Woods, Cincinnati, Ohio, for plaintiff.

Richard C. Curry, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

PORTER, District Judge.

In this case there is a motion to dismiss submitted for decision. This requires a determination of whether a party to a phone conversation may record it and disclose it without violating 18 U.S. C. § 2510 et seq. (wire interception and interception of oral communications).

The defendant's motion to dismiss was filed pursuant to Rule 12(b) F.R.Civ.P. on the grounds that the complaint failed to state a cause of action. The motion is unopposed. Under Local Rule 14, failure to file a memorandum *contra* may be cause for the Court to grant the motion as filed. Though the failure to file a memo by plaintiff's counsel is inexcusable and reason enough for a censure, the motion is considered on its merits.

> "For purposes of the motion to dismiss the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a)." Wright & Miller, Federal Practice and Procedure, Vol. 5, p. 594.

The pertinent allegations of the complaint are as follows:

> "Plaintiff states that in July of 1969, defendant recorded and disclosed an alleged telephone conversation between plaintiff and defendant without the knowledge or consent of the plaintiff.

> "Defendant disclosed said alleged conversation to employees and agents of The Cincinnati Post & Times-Star, said alleged conversation or excerpts therefrom being printed in said publication.

> "That newspaper reports of said conversation purport to be an attempt by the plaintiff to obtain money from defendant for intervening in and 'fixing' a matter pending in the Common Pleas Court, Hamilton County, Ohio."

In other paragraphs of the complaint there are allegations that there was a willful disclosure of the conversation to the general public through a newspaper and the interception, as well as the disclosure, was willful.

■ We have not been cited to any case in point, nor have we found one. We therefore look to the Act itself and the legislative purpose behind it.

■ Such purpose was to prohibit any unauthorized interception of wire or oral communications and the use of the contents thereof in evidence in courts and administrative proceedings. (Pub. L. 90–351 § 801(b), 18 U.S.C. § 2510 nt.) This part of the Act was also concerned with safeguarding the privacy of innocent persons from interception, where none of the parties consented to the interception. (Pub.L. 90–351 § 801(d), 18 U.S.C. § 2510 nt.)

Since the complaint shows that the defendant was not acting under color of law the pertinent section of the Act is 18 U.S.C. § 2511(2)(d). That provides:

"It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act."

Under this we must determine whether there has been an "interception." That term is defined in the statute as follows:

"(4) 'intercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device." 18 U.S.C. § 2510(4).

"Electronic, mechanical, or other device" is defined in 18 U.S.C. § 2510(5) and means:

" . . . any device or apparatus which can be used to intercept a wire or oral communication other than—

"(a) any telephone . . . (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business; * * * "

■ The words "aural acquisition" literally translated mean to come into possession through the sense of hearing (Webster's Third New International Dictionary, 1967 Ed.).

■ We conclude the recording of a private conversation by a party to it and its subsequent disclosure does not violate 18 U.S.C. § 2511(2)(d) or any other section in the chapter beginning with § 2510, 18 U.S.C., entitled "Wire Interception and Interception of Oral Communications."

■ This is borne out by the congressional findings stated in § 801 of Public Law 90–351, 18 U.S.C. § 2510 nt. The findings show a concern with devices that "overhear" conversations and not devices that record conversations. The means of "aural acquisition" in this case is the telephone itself, and, of course, that is clearly exempted by 18 U.S.C. § 2510(5)(a). We note that the defendant as a party to the conversation could have repeated it verbatim without the use of a recording device and that would not come within the purview of 18 U.S.C. § 2515.

As far as the legislative history is concerned, we find, at page 2154 U.S. Code, Cong. & Admin. News of 1968, the concern of Congress was with the interception of private conversations by an unseen auditor and turning such intercepted conversation against the speaker to the auditor's advantage.

It was there indicated, at page 2182, that 18 U.S.C. § 2511(2)(d), which grants an exemption to parties to the conversation, largely reflects existing law, citing Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134

(1957) and Lopez v. United States, 373, U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). In *Rathbun* the contents of a conversation overheard on a regularly used telephone extension, with the consent of one of the parties to the conversation, was found to be admissible in federal court. The Court stated at 355 U.S. at page 110, 78 S.Ct. at page 163:

> "The clear inference is that one entitled to receive the communication may use it for his own behalf or have another use it for him. The communication itself is not privileged, one party may not force the other to secrecy merely by using a telephone."

*Lopez* strikes us as very much like the instant case. There a Federal Revenue Agent used a pocket wire recorder to record a conversation that he had with the defendant. The Court permitted the recording to be introduced in evidence against the defendant, stating that the recording of a conversation by one privileged to hear it is not eavesdropping in any proper sense of the word. The Court said, 373 U.S. at page 440, 83 S. Ct. at page 1389:

> "Indeed, there has not even been any electronic eavesdropping on a private conversation which government agents could not have otherwise overheard."

By the same token, the defendant herein who was a party to the conversation was not "eavesdropping" or "wiretapping" when he recorded such conversation.

Finally, we note that the Administration, speaking through its Attorney General, criticized the proposed legislation because it exempted all consensual wiretapping and eavesdropping. The statement of the Attorney General was as follows:

> "Thus, although the title contains blanket prohibitions on all 'third-party' ('nonconsensual') interceptions— that is, interceptions without the consent of at least one of the parties to a conversation—by private persons, and places strict control on the use of such interceptions by law enforcement offi-

cers, it is totally permissive with respect to surreptitious monitoring of a conversation by a party to the conversation, even though the monitoring may be for insidious purposes such as blackmail, stealing business secrets, or other criminal or tortious acts in violation of Federal or State laws."

The Attorney General included the recording of a conversation by a party to it as an act allowed under the Act.

To recapitulate, we find the motion is well taken. It is obvious that the complaint cannot be amended to state a cause of action. It is therefore ordered that the complaint be dismissed with prejudice.