**Rufus Lee SMITH, Plaintiff-Appellant,**

v.

**The CINCINNATI POST & TIMES–STAR et al., Defendants-Appellees.**

**No. 72–1883.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1973.

Decided March 21, 1973.

Harvey B. Woods, Cincinnati, Ohio, for plaintiff-appellant.

Harry M. Hoffheimer, Cincinnati, Ohio, for defendants-appellees.

Before PECK and KENT, Circuit Judges, and YOUNG, District Judge.*

PER CURIAM.

This is an appeal from a summary judgment, D.C., 353 F.Supp. 1126, entered against the plaintiff-appellant in his suit brought under 18 U.S.C. § 2520, which authorizes a civil action by any person whose wire or oral communication is intercepted, disclosed or used in violation of the Federal Wiretap Laws. The appellant was a party to a telephone conversation with one Howard Wunker in which the appellant allegedly indicated that he could arrange a "fix" in a divorce case then pending in the Domestic

---

* Honorable Don J. Young, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Relations Court for Hamilton County, Ohio, where the appellant was then employed. Wunker caused this conversation to be recorded, and released this recording to the appellee newspaper, which then published its contents.

As a result of this action, the appellant brought two suits in the District Court, one against Wunker for damages allegedly arising from recording and disclosing the phone conversation, and the other against the newspaper for damages allegedly resulting from publishing the contents of that conversation. The suit against Wunker was dismissed for failure to state a claim upon which relief could be granted because the Federal Wiretap Laws do not make it a crime for a person to record a telephone conversation to which he is a party. Smith v. Wunker, 356 F.Supp. 44 (S.D.Ohio 1972). No appeal was taken from that decision, and the appellant concedes that the recording of the conversation by Wunker was not illegal.

■ In this suit, the appellant claimed that although the conversation was legally obtained, it was improperly disclosed to the newspaper and therefore its publication therein was improper. We cannot agree with this contention. Since the recording was not obtained in violation of the Federal Wiretap Laws, the appellant cannot seek damages from the newspaper for publishing the conversation in violation of that section. There is no authority for disregarding the language of the statute which provides that "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication." 18 U.S. C. § 2511(2)(d). A party to a conversation is privileged to record it. United States v. DiLorenzo, 429 F.2d 216, 219, n. 1 (2d Cir. 1970), cert. denied, 402 U. S. 950, 91 S.Ct. 1609, 29 L.Ed.2d 120; United States v. Viviano, 437 F.2d 295, 300 (2d Cir. 1971), cert. denied, 402 U. S. 983, 91 S.Ct. 1659, 29 L.Ed.2d 149.

■ The appellant's contention that the recording and subsequent newspaper publication of this conversation violated his right of privacy is not well taken. Since there is no "interception" or "eavesdropping" when a party to a conversation, or a third person acting with the consent of one of the parties to the conversation, records that conversation, (e. g., Flanders v. United States, 222 F.2d 163 (6th Cir. 1955)), and since the appellant has conceded that the recording of the conversation was not unlawful in that the recorder was a participant to the conversation, it follows that it could not in any way be wrongful for that person to later disclose the contents of that conversation. Each party to a conversation, telephonic or otherwise, takes the risk that the other party may divulge the contents of that conversation, and should that happen, there has been no violation of the right of privacy. Rathburn v. United States, 355 U.S. 107, 111, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).

■ The appellant's reliance upon 47 U.S.C. § 605 is similarly misplaced, since that section is violated only when a person both intercepts and divulges a communication, which is not the case in regard to this defendant. Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1027 (6th Cir. 1968), cert. denied, 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969).

The judgment of the District Court is affirmed.