George H. BENFORD

v.

AMERICAN BROADCASTING COMPANIES, INC., and Mrs. Isaac (Betty) Hamburger and Miss Kathleen T. Gardner and Mrs. Lillian M. Teitelbaum and David L. Holton and Margaret Osmer.

Civ. A. No. N–79–2386.

United States District Court,
D. Maryland.

Nov. 24, 1980.

See also, D.C., 502 F.Supp. 1148.

---

Wilson K. Barnes, Baltimore, Md., and Dean E. Sharp, Washington, D. C., for plaintiffs.

Alan I. Baron and Ellen Scalettar, Baltimore, Md., for defendants American Broadcasting Co., Inc. and Margaret Osmer.

Stanley M. Brand, Steven R. Ross and Michael L. Murray, Washington, D. C., for defendants Miss Kathleen T. Gardner, Mrs. Lillian M. Teitelbaum, David L. Holton and Mrs. Isaac (Betty) Hamburger.

NORTHROP, Chief Judge.

Plaintiff, George H. Benford, instituted the present action against American Broadcasting Companies, Inc. (ABC), Margaret Osmer, an ABC employee, and members of an investigatory team of the Select Committee on Aging, United States House of Representatives (the "congressional defendants"). This case arose from the Select Committee's investigation of the sale of supplemental health insurance policies to the elderly.

On November 3, 1978, the congressional defendants, posing as prospective purchasers, met with plaintiff. At this meeting plaintiff made his standard cancer insur-

ance presentation. Without plaintiff's knowledge or consent, the meeting was surreptitiously taped by ABC. On November 28 and 29, 1978, excerpts of the taped meeting were broadcast on the ABC Nightly News. Plaintiff alleges a cause of action under the Maryland Wiretapping and Electronic Surveillance Act, Md.Cts. & Jud.Proc. Code Ann. §§ 10–401 *et seq.*, the fourth amendment of the Constitution, the Federal Eavesdropping Statute, 18 U.S.C. §§ 2510 *et seq.*, and the common law torts of civil conspiracy, malicious interference with business relations, and invasion of privacy.

Two motions are presently before this Court: (1) ABC's motion to dismiss plaintiff's amended complaint with regard to the claims under the fourth amendment and the Federal Eavesdropping Statute, and, (2) defendant, Margaret Osmer's, motion to dismiss plaintiff's amended complaint.

## I. ABC'S MOTION TO DISMISS COUNTS II AND IV OF PLAINTIFF'S AMENDED COMPLAINT

*A. Count II–the Fourth Amendment Claim*

In its motion to dismiss, ABC contends that plaintiff does not have a viable cause of action under the fourth amendment. ABC asserts that an unconstitutional search and seizure does not exist when one of the parties to a conversation consents to its taping. This Court agrees.

*United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), is the leading Supreme Court decision in this area. In *White,* government agents concealed a radio transmitter on the person of an informant who then proceeded to engage defendant in conversation in a variety of locations, including defendant's home. The *White* Court held that the fourth amendment requires no prior judicial authorization for governmental electronic recording of a private conversation when one of the parties to the conversation has consented to the surveillance.

The United States Court of Appeals for the Fourth Circuit was faced with a similar set of facts in *United States v. Dowdy,* 479 F.2d 213 (4th Cir.), *cert. denied,* 414 U.S. 823, 94 S.Ct. 132, 38 L.Ed.2d 118 (1973). In *Dowdy,* government officials taped defendant's conversations with a recorder that was attached to a party to the conversations. One of the conversations took place in defendant's office. Following *White,* the Fourth Circuit reasoned that "[s]ince [the informant] consented to each recording, it follows that each recording ... did not violate defendant's fourth amendment rights and were therefore admissible into evidence." *Id.* at 229. Similarly, in *United States v. Craig,* 573 F.2d 455 (7th Cir. 1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 83, 58 L.Ed.2d 110 (1978), the Seventh Circuit noted "the well–settled principle that there is no interest protectible by the Fourth Amendment in those situations in which one party to a conversation reposes a trust or confidence in the other party who is actually an undisclosed government agent or informant." *Id.* at 474.

Although this Court acknowledges that the previously cited cases deal exclusively with criminal conduct, this Court is aware of no cases in which a court has applied a different constitutional standard when the conduct is not criminal. Certainly, the conduct of law enforcement officers does not become unconstitutional when the party under surveillance is subsequently found to be free of any wrongdoing. For purposes of the fourth amendment, therefore, the consent of one of the parties to the taped conversation is all that is necessary.

Because the congressional defendants clearly consented to the surveillance in the instant case, and because *White* and *Dowdy* support the view that the voluntary participation in such surveillance by one of the parties satisfies the fourth amendment, plaintiff's fourth amendment claim must necessarily fail.

Having determined that the conduct in this case was not unconstitutional in nature, it is not necessary for this Court to reach the more difficult question of whether private persons acting in concert with federal officials are liable under *Bivens v. Six Un-*

*known Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violating plaintiff's constitutional rights.

For the foregoing reasons, ABC's motion to dismiss is granted as to Count II.

**B. Count IV–Federal Eavesdropping Statute**

The Federal Eavesdropping Statute prohibits unauthorized electronic surveillance. ABC's motion to dismiss plaintiff's claim under this statute is based on two grounds: first, that the conversation in question was not an "oral communication" within the meaning of 18 U.S.C. § 2510(2); and, secondly, that it falls within the exception provided for government officials provided in 18 U.S.C. § 2511(2)(c).

As provided in § 2510(2), the Act only protects "oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such exception ...." ABC claims that plaintiff, for purposes of the Federal Eavesdropping Statute, did not have a reasonable expectation of privacy under the facts of the instant case. This Court disagrees.

This Court's finding that plaintiff did not have a constitutionally justifiable expectation of privacy does not preclude the possibility that plaintiff may have had a reasonable expectation of privacy for purposes of the Federal Eavesdropping Statute. The protection afforded by the Federal Eavesdropping Statute was not meant to be coextensive with fourth amendment protection. As a result, the intent of the legislature is not frustrated by requiring a party conducting electronic surveillance to meet a higher standard under the statute.

The legislative history of the Act indicates that Congress intended that a person's reasonable expectation of privacy was to be determined on a case–by–case basis, taking into consideration the particular facts and circumstances of each case.

It is important to note that in *White,* and other cases in which courts have found that a person did not have a reasonable expectation of privacy, that person was engaged in criminal activity. And as the Court stated in *White,* "one contemplating illegal activities must realize and risk that his companions may be reporting to the police." 401 U.S. at 752, 91 S.Ct. at 1126. Unlike these cases, however, the plaintiff in the instant case was not engaged in criminal activity. Rather, plaintiff was making a standard sales pitch. In addition, the conversation transpired in a private home in which plaintiff had been invited. Under these facts and circumstances, it was reasonable for plaintiff to expect that his conversation would not be taped or overheard.

As its second ground for dismissal of this count, ABC asserts that because it was acting in concert with the congressional defendants, it was acting under the "color of law," and, therefore, exempt under § 2511(2)(c). Again, the Court is not persuaded.

The legislative history of the Act makes it clear that the protection of an individual's privacy was the overriding congressional concern. *See Gelbard v. United States,* 408 U.S. 41, 48, 92 S.Ct. 2357, 2361, 33 L.Ed.2d 179 (1972). Extending protection to private individuals acting in concert with government officials, when their purpose is self–serving, thwarts this primary congressional objective of protecting individual privacy. To be accorded the protection of § 2511(2)(c), therefore, ABC would *at least* have to show that its only purpose in taping the meeting was to aid the congressional subcommittee. Thus, because this is a genuine issue of a material fact, Court IV is not ripe for dismissal on this basis.

Absent the protection of § 2511(2)(c), ABC's only possible ground for dismissal lies under § 2511(2)(d). Section 2511(2)(d) protects *private* individuals who intercept with the *consent* of one of the parties to the conversation *and* who do not act "for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act." ABC's purpose in taping

and broadcasting the meeting of November 3 clearly presents a genuine issue of material fact.

For the foregoing reasons, therefore, ABC's motion to dismiss Count IV of plaintiff's amended complaint must be denied.

## II. MARGARET OSMER'S MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant, Margaret Osmer, moves this Court to dismiss plaintiff's amended complaint on the ground that plaintiff has failed to specifically tie her to the unlawful acts referred to in the amended complaint. Alternatively, defendant Osmer moves for the dismissal of Counts II and IV for the same reasons asserted by defendant ABC.

This Court finds defendant Osmer's argument regarding plaintiff's failure to give adequate notice unpersuasive.

 A Rule 12(b)(6) motion to dismiss must be considered in conjunction with Rule 8(a) which states that federal pleading merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) Fed.R.Civ.P. In explaining the well–established rule regarding motions to dismiss, the Supreme Court in *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980), stated that a claim "should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 246, 100 S.Ct. at 511 (quoting from *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (1969). Moreover, in ruling on a motion to dismiss, the court must construe the pleadings liberally in favor of the claimant and disregard contrary allegations by the moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *A. S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).

Considering these rules, and keeping in mind that the issue is not whether the plaintiff is likely to prevail on the merits, but whether he is entitled to submit evidence to support his claim, the Court is of the opinion that the amended complaint provides the defendant with sufficient notice.

With respect to defendant Osmer's request to dismiss Counts II and IV, this Court grants defendant's motion as to Count II and denies it with regard to Count IV for the same reasons previously set forth regarding ABC's motion to dismiss.

### SUMMARY

In summary, ABC's motion to dismiss is granted with respect to Count II, but denied as to Count IV. Similarly, defendant Osmer's motion to dismiss is granted as to Count II but denied as to all other counts.