**Sandra BODDIE, Plaintiff-Appellant,**

v.

**AMERICAN BROADCASTING COMPANIES, INC.; Geraldo Rivera; Charles C. Thompson; and Maravilla Production Company, Inc., Defendants-Appellees.**

No. 82–3420.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1983.

Decided April 6, 1984.

Rehearing and Rehearing En Banc Denied June 1, 1984.

Richard Sternberg (argued), Akron, Ohio, for plaintiff-appellant.

Terence Clark (argued), Calfee, Halter & Griswold, Cleveland, Ohio, for defendants-appellees.

Before KEITH and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This case arises from an investigative report entitled "Injustice For All", produced and broadcast by the defendant, the American Broadcasting Companies, Inc. The report, presented on ABC's "20/20" television program, inquired into allegations that Judge James Barbuto of Akron, Ohio had regularly granted leniency to criminal defendants in exchange for sex. The report included a brief, secretly recorded exchange with the plaintiff, Sandra Boddie, an alleged participant in the scandal. The plaintiff brought suit against · ABC; Charles C. Thompson, the executive producer and chief investigative reporter for the report; and Geraldo Rivera, the senior producer and correspondent for the report. The plaintiff sought damages for defamation, false light, invasion of privacy and violation of title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (popularly known as the Federal Wiretap Statute). Prior to trial, the district court dismissed, *sua sponte*, the plaintiff's claim under the Wiretap Statute, and at trial the jury returned a verdict for the defendants on the remaining claims. The plaintiff appeals only the dismissal of the claim under the Wiretap Statute. We reverse the court's dismissal and remand for further proceedings not inconsistent with this opinion.

## I.

As part of an investigation into the allegations surrounding Judge Barbuto, defendants Rivera, Thompson and other investigators conducted an interview with plaintiff Boddie. Boddie consented to be interviewed by the journalists in her home, but when questioned, she refused to appear on camera. Unbeknown to Boddie, the journalists recorded the interview by using a hidden videotape camera and concealed microphones. The sound picked up by the microphones was transmitted to a receiver in a nearby van and there recorded. A segment from this interview, including the videotape and audio recording, was shown in the televised report, "Injustice For All." It is undisputed that Boddie ·knew that the journalists were from ABC's "20/20" program but that she was not informed that the interview was being recorded for broadcast.

In the first count of her complaint, Boddie alleged that the defendants' broadcast placed her in a false light and invaded her privacy. In the second count, Boddie alleged that the defendants' report defamed her by making false statements about her personal life and her participation in the alleged leniency scheme. Following a seven-week trial the jury returned a verdict in favor of the defendants on the claims in the first two counts.

Boddie's third count which was, as stated, dismissed *sua sponte* before trial, charged that the defendants' surreptitious recording of the interview violated the Federal Wiretap Statute. In particular, Boddie claimed that the recording of the interview violated 18 U.S.C. § 2511(1)(a), (c), (d), which provides:

(1) Except as otherwise specifically provided in this chapter any person who—

(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;

\* \* \* \* \* :

(c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection; or

(d) willfully uses, or endeavors to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral

communication in violation of this subsection:

shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Boddie also charged that the defendants' activities were contrary to regulations of the Federal Communications Commission that prohibit the use of electronic devices for eavesdropping without the consent of the parties engaged in the conversation, 47 C.F.R. §§ 2.701, 15.4, 15.11, 15.154 (1982). Violation of these regulations, Boddie claimed, was contrary to 47 U.S.C. § 502 which provides civil penalties for infringement of FCC regulations.[1]

The district judge dismissed the third count on its own motion. Stating that the "area of law is one with which the Court is eminently familiar," the judge held that the plaintiff had failed to state a cause of action. The court ruled that the alleged violation of 47 U.S.C. § 502 gives rise to no private cause of action. This provision, the court held, is remedial, adding that, "the only people who I have ever heard of bringing anything under Chapter 5 is the United States Government." The same reasoning, the court ruled, applies to the provisions of the Wiretap Statute, 18 U.S.C. §§ 2510–2520, that "are criminal statutes which reflect the material that is included in the Communications Act in Chapter 5." Violations of the eavesdropping regulations of the FCC, the court ruled, must be remedied by an administrative action of the Commission "which has primary jurisdiction for enforcing those regulations." The court later denied a motion to reconsider its dismissal of the third count and refused the plaintiff's request to submit to the jury evidence of the alleged violations of the FCC regulations.

## II.

 The district court was clearly incorrect in ruling that the Federal Wiretap Statute provides no private cause of action. In the third count of her complaint, Boddie cited 18 U.S.C. § 2520 which authorizes a civil cause of action for any person "whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter." The action runs against any "person who intercepts, discloses, or uses ... such communications," and the plaintiff may recover actual damages, punitive damages, and reasonable attorney's fees.[2]

## III.

The defendants maintain that the dismissal was, nevertheless, correct because they were privileged as parties to the conversation to record the exchange with Boddie. The defendants also maintain that there was no unlawful interception and that Boddie had no expectation of privacy as required by statute. Boddie contends that the defendants' recording was an unlawful interception of a communication that she reasonably expected was not being intercepted. Boddie further contends that the existence of a privilege to record the interview turns on the defendants' purpose. Determination of the defendants' purpose, Boddie argues, is a question of fact reserved for the jury.

### A. Privilege

The Federal Wiretap Statute sets forth the privilege for a consenting party to a conversation.

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has

---

**1.** The plaintiff's third count also included claims that the defendants had violated 47 U.S.C. § 605 and Ohio Rev.Code § 2933.58. The plaintiff does not contest the court's dismissal of these claims.

**2.** A district court should proceed with great caution when dismissing a claim *sua sponte*. The importance of this practice is demonstrated by

this case. The court's refusal to consider the language of the statute, which plaintiff's counsel diligently sought to bring to its attention, is not explained by the record. The court indicated that it would supply a memorandum on this issue, but it never did.

given prior consent to such interception *unless such communication is intercepted* for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or *for the purpose of committing any other injurious act.*

18 U.S.C. § 2511(2)(d) (emphasis added).

The defendants, relying on this court's *per curiam* decision in *Smith v. Cincinnati Post & Times-Star,* 475 F.2d 740 (6th Cir.1973), maintain that they are entitled, as parties to the interview, to a complete privilege against the claim under the Wiretap Statute. In that case, Howard Wunker recorded a telephone conversation with Rufus Lee Smith in which Smith indicated that he could "fix" a divorce case. Wunker released the tape recording to the defendant newspaper which published the contents. On appeal, this court affirmed the grant of summary judgment to the newspaper. In an earlier decision in a separate action that was not appealed, *Smith v. Wunker,* 356 F.Supp. 44 (S.D.Ohio 1972) (discussed below), the district court held that Wunker's actions had not violated the Federal Wiretap Statute. In *Cincinnati Post & Times-Star,* this court ruled that because the recording was not obtained in violation of the statute, "the appellant cannot seek damages from the newspaper for publishing the conversation." 475 F.2d at 741.

Defendants in the instant case contend that *Cincinnati Post & Times-Star* established a one-party consent privilege that is not limited by a party's purpose in recording the conversation as specified in § 2511(2)(d). In that opinion, this court did state that a "party to a conversation is privileged to record it." 475 F.2d at 741. But this statement and similar observations in that case were not necessary to the outcome which turned on the district court's holding in *Smith v. Wunker* that the recording was not unlawful. Thus, we

do not find *Cincinnati Post & Times-Star* persuasive authority for ignoring the clear language of the statute that conditions the privilege on the purpose of the intercepting party.[3]

Defendants contend, despite the language of § 2511(2)(d), that the statute reaches only eavesdropping by an unauthorized third party and that a recording by a party to a communication is therefore not an unlawful interception. This contention was the basis of the district court's holding in *Smith v. Wunker.* There the district court awarded summary judgment to the defendant, ruling that as a party to the conversation the defendant was not "eavesdropping" or "wiretapping." 356 F.Supp. at 47. The court reached this conclusion by relying on the reasoning and cases cited in the Senate report to the bill, S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code, Cong. & Ad. News 2112, 2182. The committee version of the bill provided that it would not be unlawful for a party to any oral communication or a person authorized by a party to any oral communication to intercept such a communication. The district court failed to note, however, that the bill was subsequently amended on the floor of the Senate with the provision set forth in § 2511(2)(d). The sponsor of the amendment, Senator Hart, explained that the committee's version left a "gaping hole, which would permit surreptitious monitoring of a conversation by one of the parties to the conversation." The amendment, according to Senator Hart, would prohibit an interception "when the party acts in a way with an intent to injure the other party to the conversation in any other way." 114 Cong. Rec. 14,694 (1968). The effect of the amendment is to prohibit "any interception, use or disclosure of oral or wire communications with the consent of one of the parties where the purpose is to commit any

---

**3.** In *United States v. Jones,* 542 F.2d 661 (6th Cir.1976), this court refused to ignore the explicit language of the statute in order to recognize an exemption for interspousal wiretaps. *But see*

*Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974).

criminal, tortious or injurious act." *Meredith v. Gavin,* 446 F.2d 794, 798 (8th Cir. 1971).

▉ The statute does not define "injurious act." Senator Hart explained that § 2511(2)(d) prohibits a recording made "for the purpose of blackmailing the other party, threatening him, or publicly embarrassing him." 114 Cong.Rec. at 14,694. Senator Hart added that the statute permits recordings "where the party acts out of a legitimate desire to protect himself and his own conversations from later distortions or other unlawful or injurious uses by the other party." *Id.* Therefore, a recording of a telephone conversation to preserve evidence of extortion directed against the recorder is lawful. *Moore v. Telfon Communications Corp.,* 589 F.2d 959 (9th Cir.1978). *See also Meredith v. Gavin,* 446 F.2d 794 (8th Cir.1971) (Preservation of evidence to show that the plaintiff was attempting to defraud the recorder is a lawful interception.). *Accord, By-Prod Corp. v. Armen-Berry Co.,* 668 F.2d 956 (7th Cir.1982).

▉ Because the district court in *Smith v. Wunker* failed to consider the full statutory language of § 2511(2)(d) as it was enacted, the case was wrongly decided. Our court, in *Cincinnati Post & Times-Star,* considered itself bound by the prior determination that the recording was not illegal. However, the language and legislative history of the statute clearly demonstrate that the privilege is not extended if the intercepting party acted with the purpose of committing a criminal, tortious, or injurious act.

▉ Defendants maintain that their purpose in recording the conversation was both lawful and proper and that the jury verdict in their favor on the tort claims precludes any further consideration of this issue. The statute, however, proscribes not only interceptions where the party acts with "criminal" or "tortious" purpose, but where the party acts with a "purpose of committing any other injurious act." Boddie alleged in her third count that the defendant's purpose was "to cause the Plaintiff insult and injury." The defendants contend that they intended no injury to Boddie and that they acted only in good faith to preserve evidence of Judge Barbuto's allegedly illegal activities. This dispute, we believe, raises questions of fact for the jury. We cannot, on the basis of the record before us, make this determination as a matter of law.[4]

## B. Expectation of Privacy.

▉ Defendants contend that the interview was not protected under the statute because Boddie had no expectation of privacy. The statute defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). The statute defines "intercept" as the "aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). The record shows that Boddie was aware that she was speaking with reporters from ABC. But it remains an issue of fact for the jury whether Boddie had an expectation that the interview

---

4. Our holding is consistent with *Brown v. American B'dcasting Cos.,* 704 F.2d 1296, 1305 (4th Cir.1983). There, the defendants recorded a meeting between congressional investigators and the plaintiff with the consent of the investigators. The appeals court reversed the summary judgment for the defendants, holding that the defendants' purpose in taping and broadcasting the meeting presents a factual issue for the jury. *See also Benford v. American B'dcasting Cos.,* 502 F.Supp. 1159, 1162–63 (D.Md.1980), *aff'd* *mem.,* 661 F.2d 917 (4th Cir.), *cert. denied,* 454 U.S. 1060, 102 S.Ct. 612, 70 L.Ed.2d 599 (1981) (Defendants' purpose in taping the meeting raises a genuine issue of material fact for the jury.). The determination of whether an interception was made with a purpose to commit any criminal, tortious or injurious act must be made on a "case-by-case basis." *United States v. Phillips,* 540 F.2d 319, 325 (8th Cir.) *cert. denied,* 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976); *Meredith v. Gavin,* 446 F.2d 794, 798 (8th Cir.1971).

was not being recorded and whether that expectation was justified under the circumstances.[5] The trial court's premature dismissal of the claim prevents us from holding that, as the defendants contend, the evidence could not support such an expectation.

### IV.

The district court dismissed the plaintiff's claim under the FCC regulations prohibiting eavesdropping, ruling that primary jurisdiction for the enforcement of the regulations was vested in the Commission.[6] On appeal, the plaintiff maintains that evidence of the defendants' alleged violations of these regulations would establish the defendants' improper purpose under the Wiretap Statute.

 We agree with the defendants that the court acted properly in excluding from trial plaintiff's allegations that the defendants violated the FCC regulations. The Wiretap Statute requires the plaintiff to show that the defendants intended an illegal, tortious or injurious act other than the recording of the conversation. *See*

5. As noted in *Bianco v. American B'dcasting Cos.*, 470 F.Supp. 182, 185 (N.D.Ill.1979), the statute requires that the plaintiff show only no expectation that the oral communication was being intercepted through the use of electronic devices. Thus, there "may be some circumstances where a person does not have an expectation of total privacy, but still would be protected by the statute because he was not aware of the specific nature of another's invasion of his privacy."

6. Boddie's complaint cited the following regulations promulgated by the Federal Communications Commission.
47 C.F.R. § 2.701. Prohibition against use of a radio device for eavesdropping.
(a) No person shall use, either directly or indirectly, a device required to be licensed by section 301 of the Communications Act of 1934, as amended, for the purpose of overhearing or recording the private conversations of others unless such use is authorized by all of the parties engaging in the conversation.
(b) Paragraph (a) of this section shall not apply to operations of any law enforcement officers conducted under lawful authority.
47 C.F.R. § 15.4 General definitions.

*Stamatiou v. United States Gypsum Co.*, 400 F.Supp. 431, 436 n. 3 (N.D.Ill.1975), *aff'd mem.*, 534 F.2d 330 (7th Cir.1976). Even if we assume that the defendants, by the mere interception, violated these regulations, the question remains under § 2511(2)(d) whether the defendants intended to use the recorded conversation to injure Boddie. *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir.1982). Thus, the regulations cannot serve as evidence of the defendants' purpose to commit a tortious or injurious act.

The dismissal of plaintiff's third count is REVERSED, and this case is remanded for proceedings not inconsistent with this opinion.

WELLFORD, Circuit Judge, concurring:

I concur in Judge Brown's well written opinion, but would also add for the benefit of the trial court, upon remand, the following guidelines as to application of 18 U.S.C. § 2511(2)(d) from the case authorities cited in the opinion:

(1) *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 959 (7th Cir.1982):

(f) Low power communication device. A low power communication device is a restricted radiation device, exclusive of those employing conducted or guided radio frequency techniques, used for the transmission of signs, signals (including control signals), writing, images and sounds or intelligence of any nature by radiation of electro-magnetic energy.
47 C.F.R. § 15.11 Prohibition against eavesdropping.
(a) No person shall use, either directly or indirectly, a device operated pursuant to the provisions of this part for the purpose of overhearing or recording the private conversations of others unless such use is authorized by all of the parties engaging in the conversation.
(b) Paragraph (a) of this section shall not apply to operations of any law enforcement officers conducted under lawful authority.
47 C.F.R. § 15.154 Eavesdropping prohibited.
As provided by § 15.11 the use of a low power communications device for eavesdropping is prohibited.

A desire to make an accurate record of a conversation to which you are a party is a lawful purpose under the statute even if you want to use the recording in evidence.

(2) *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 965–66 (9th Cir.1978) (footnotes omitted):

Congress did not define the meaning of "injurious act." While we acknowledge that the term embraces acts not easily classified as either "criminal" or "tortious," we cannot believe that Congress intended it to be read to embrace every act which disadvantages the other party to this communication. Such a reading would nullify the exemption created by § 2511(2)(a)(d). Presumably there is some disadvantage in having any conversation intercepted in the absence of consent of all parties. Congress, we believe, intended to permit one party to record conversation with another when the recorder is acting "out of a legitimate desire to protect himself."

(3) *United States v. Phillips,* 540 F.2d 319, 325 (8th Cir.), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976) (quoting 114 Cong.Rec. 14694 (May 28, 1978):

"The provision would not, however, prohibit any such activity [intercepting a wire or oral communication] when the party records information of criminal activity by the other party with the purpose of taking such information to the police as evidence."