70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Rhoda R. WILLIAMS, Plaintiff, Appellant,
v.
Robert PANETTA and Janet Panetta, Defendants, Appellees.
 No. 95-1450.
 United States Court of Appeals, First Circuit.
 Nov. 17, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Nathaniel M. Gorton, U.S. District Judge]
 Rhoda R. Williams on brief pro se.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff Rhoda Williams seeks damages from her neighbors, Robert and Janet Panetta, on the ground that their unlawful operation of a "megawatt" CB radio is interfering with her television reception. Her complaint is premised on the Federal Communications Act of 1934, 47 U.S.C. Secs. 501-503. We agree with the district court that no private right of action exists for violations of these statutory provisions or the underlying FCC regulations. See, e.g., Boddie v. American Broadcasting Cos., 731 F.2d 333, 336, 339 (6th Cir.1984); Lechtner v. Brownyard, 679 F.2d 322, 325-27 (3d Cir.1982); Guitar v. Westinghouse Elec. Corp., 396 F.Supp. 1042, 1054-57 (S.D.N.Y.1975), aff'd, 538 F.2d 309 (2d Cir.1976) (table); see also Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 14 (1942) ("The Communications Act of 1934 did not create new private rights."); New England Tel. & Tel. Co. v. Public Utilities Comm'n, 742 F.2d 1, 5 (1st Cir.1984) ("enforcement of the Communications Act is entrusted primarily to [the] administrative agency"), cert. denied, 476 U.S. 1174 (1986).
 
 
 2
 Inasmuch as plaintiff's claim rests on "an indisputably meritless legal theory," Neitzke v. Williams, 490 U.S. 319, 327 (1989), dismissal of the complaint as "frivolous" under 28 U.S.C. Sec. 1915(d) was warranted. To the extent that defendants' operation of their CB radio is in fact unlawful, see, e.g., 47 C.F.R. Sec. 95.408(c)(2) (prohibiting any antenna more than 60 feet above ground); id. Sec. 95.410(a) (prohibiting power output in excess of four watts); id. Sec. 95.411(a)(1) (prohibiting use of linear amplifiers), plaintiff's remedy is to petition the FCC for enforcement of its regulations, see, e.g., id. Sec. 1.41 (permitting informal requests for agency action); see also id. Sec. 95.421 (specifying various penalties for violations). Alternatively, as the district court noted, plaintiff might seek appropriate relief in state court.
 
 
 3
 Affirmed.