NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0025n.06
Filed: January 13, 2009

No. 08-5346

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LARRY S. MELTON, JOHN MELTON, AMERICAN HOME FINANCIAL SERVICES, et al., | ) )  ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| HAROLD WALDEN BLANKENSHIP, FRANKIE K. STANFILL, DIANE TUCKER, RICHARD WALKER, et al., | ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: GUY and GRIFFIN, Circuit Judges; and WATSON, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiffs filed a civil RICO claim against defendants, arguing that defendants conspired against them in a previous suit by maliciously filing a counterclaim that lacked a factual basis. Because we conclude that the remedy for this alleged injury lies in state law claims of malicious prosecution and abuse of process, and because neither of these acts are RICO predicates, we affirm the district court's judgment dismissing all claims as to all defendants.

I.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

The present dispute arose from two separate lawsuits: *Melton v. Bank of Lexington, et al.*, 02-1152 (W.D. Tenn. filed June 21, 2002) (hereinafter "*Melton I*"), a civil action; and *In re Harold Walden Blankenship*, 06-11119 (Bankr. W.D. Tenn. filed May 23, 2006). Plaintiffs in the case at bar were plaintiffs in *Melton I*. Harold Walden Blankenship, one of the defendants in *Melton I*, was represented by Kevin Carter, Frankie K. Stanfill, and Bradley Kirk, attorneys affiliated with the law firm of Carter, Stanfill & Kirk, PLLC. The three attorneys and the law firm were defendants themselves in *Melton I* and are defendants in this action ("Stanfill Defendants").

The present appeal is in reaction to a counterclaim that Blankenship filed against the *Melton I* plaintiffs. Plaintiffs argue that defendant Carter informed Blankenship that the *Melton I* plaintiffs intended to settle their claims with all of the *Melton I* defendants, except for those involving Blankenship, Blankenship's father, and the Stanfill Defendants, and that Blankenship needed to file a counterclaim to prevent this settlement from occurring. Plaintiffs allege that Blankenship and the Stanfill Defendants "conspired, planned and endeavored to cause harm to the Plaintiffs' property and business by bringing a counterclaim in [*Melton I*] . . . without probable cause and based on false representations in an attempt to deceive and defraud the Plaintiffs herein through the federal court system." Plaintiffs note that defendants "used the United States mails and wires in their scheme to deceive and defraud . . . ." Plaintiffs allege that the Stanfill Defendants used "Blankenship, to pursue their own purposes with the aid and assistance of Defendant, Diane Tucker." The counterclaim was filed on August 5, 2004. Plaintiffs argue further that on May 23, 2006, the Stanfill Defendants, in cooperation with defendants Ken Walker, Richard Walker, and Walker, Walker & Walker, PLC

("Walker Defendants"), filed a bankruptcy petition in Blankenship's name that contained fraudulent allegations. The heart of plaintiffs' complaint is that they relied to their detriment on the fraudulent representations contained in the counterclaim and bankruptcy petition. Blankenship, through his attorney Ken Walker, voluntarily withdrew the bankruptcy petition.

Blankenship attempted to end his participation in the lawsuit during July 2006, when he spoke with Johnny and Larry Melton and drafted an affidavit stating that he filed the counterclaim because the Stanfill Defendants convinced him that it was the only way to protect his interests and prevent the *Melton I* plaintiffs from settling with the remaining *Melton I* defendants. Blankenship stated that the Stanfill Defendants "were my attorneys and I depended on them for the proper legal advice in dealing with this litigation." The district court eventually terminated the countersuit in favor of the *Melton I* plaintiffs.

Following the district court's dismissal of the counterclaim, plaintiffs filed the instant action in the United States District Court for the Western District of Tennessee against Blankenship, the Stanfill Defendants, the Walker Defendants, and John Does 1-5. Plaintiffs allege that defendants "conspired, planned and endeavored to cause harm to the Plaintiffs' property and business" and that they utilized the United States mails and wires as part of this scheme. The four-count complaint alleges that: (1) defendants engaged in a pattern of racketeering activity in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (2) defendants conspired to engage in racketeering activity in violation of RICO, 18 U.S.C. § 1962(d); (3) defendants filed a

"frivolous, baseless case against them" causing them damages and amounting to malicious prosecution; and (4) defendants' actions constituted the common law tort of abuse of process.

Defendant Diane Tucker filed a motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiffs responded, and the Stanfill Defendants filed a reply joining the motion. The district court granted defendants' motion to dismiss, dismissed plaintiffs' RICO claims, and declined to exercise jurisdiction over defendants' remaining state law claims. Plaintiffs timely appealed.

II.

Plaintiffs argue that the district court erred in ruling that they failed to state a RICO claim. We review de novo a district court's grant of a motion to dismiss. *Doe v. Bredesen*, 507 F.3d 998, 1002 (citing *United States v. Bowman*, 173 F.3d 595, 597 (6th Cir. 1999)). A complaint requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). When considering a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

To state a civil RICO claim, a plaintiff must establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465

F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Plaintiffs must establish that defendants "engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Id.* (quoting 18 U.S.C. § 1961(5)). Specifically, plaintiffs must establish a predicate act enumerated in 18 U.S.C. § 1961(1). *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999).

Plaintiffs contend that defendants engaged in "fraud in association with litigation, mail and wire fraud, bankruptcy fraud, and tampering with a witness." However, a closer examination of plaintiffs' arguments reveals that plaintiffs are in effect alleging that defendants engaged in malicious prosecution and abuse of process, and that they used the mails and wires to do so by filing Blankenship's counterclaim and bankruptcy petition. Rather than deny this, plaintiffs argue that the case law "is clear that, in certain circumstances, an attorney and/or law firm can violate the mail and wire fraud statutes by perpetrating frauds involving litigation." To support their argument, plaintiffs rely on cases from other circuits in which the attorneys involved did far more than simply render legal advice and file documents in the course of litigation.

For example, in plaintiffs' lead case, *Handeen v. Lemaire*, 112 F.3d 1339 (8th Cir. 1997), the defendant law firm went well beyond merely offering legal advice or filing legal documents. In *Handeen*, the defendant law firm conspired with the other defendants to mail checks to a defendant's parents so the parents could mail the checks to the Bankruptcy Trustee and hide the fact that the

defendant had moved out of state to accept a higher paying job. *Id.* at 1344. Clearly, the attorneys in *Handeen* were involved in a level of fraud that far exceeded zealous advocacy.

The court in *Handeen* was careful to note that it would be "extremely difficult to fathom any scenario in which an attorney might expose himself to RICO liability by offering conventional advice to a client or performing ordinary legal tasks (that is, by acting like an attorney)." *Id*. at 1349. The Eighth Circuit distinguished between criminal enterprises and the attorneys who represent them, holding that "[f]urnishing a client with ordinary professional assistance, even when the client happens to be a RICO enterprise, will not normally rise to the level of participation sufficient" to establish RICO liability. *Id.* at 1348. In the instant case, the district court ruled that "[d]efendants provided legal advice only to Blankenship, and those efforts and subsequent filings can not be considered RICO predicate acts." We agree. To the extent that defendants were overly zealous or malicious, the remedy lies in a state law action for malicious prosecution or abuse of process, not in a federal RICO claim. Plaintiffs must assert predicate acts described in 18 U.S.C. § 1961(1), and they have not done so. Plaintiffs' assertion of predicate acts in their complaint is merely a "legal conclusion couched as a factual allegation," and thus not sufficient to survive a motion to dismiss. *Papasan*, 478 U.S. at 286.

Plaintiffs argue correctly that they have established conduct which states a claim for malicious prosecution and abuse of process under state law. But the district court did not hold otherwise; it merely refused to exercise supplemental jurisdiction over these state law claims because it had dismissed the claims that formed the basis for its original jurisdiction. It was not an error to

do so. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that, "[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). Thus, we affirm the dismissal of the RICO claims.

### III.

Defendant Tucker filed the motion to dismiss, and the Stanfill Defendants joined it. Plaintiffs argue that the district court erred by dismissing the claims against all of the defendants, rather than limiting its order to those defendants who moved to dismiss. Specifically, defendants assert that the district court erred by dismissing the claims against the nonmoving defendants: Blankenship, the Walker Defendants,[1] and John Does 1-5. The district court dismissed the John Doe defendants in a separate order, holding that "[t]he allegations made against the Doe defendants are the same that were made against the other defendants and which have now been dismissed. Thus, the Doe defendants would have been dismissed in that order if they had been already [] named." Plaintiffs do not cite any authority for the proposition that a district court errs by dismissing nonmoving defendants when it determines that the complaint has failed to state a claim.

Plaintiffs have alleged the same RICO claims against all of the parties. Logically, if they have failed to state a RICO claim regarding the moving parties, they have also failed to state a claim against the nonmoving parties. It is true that a "district court should proceed with great caution when

---

[1]The district court did not specifically mention Blankenship or the Walker Defendants in its order granting the motion to dismiss; it simply ruled that "[d]efendants' motions to dismiss are GRANTED, and Plaintiffs' claims under RICO are hereby dismissed." However, in issuing its order dismissing the John Doe defendants, the district court clarified that it had dismissed "*all* defendants, except the Doe defendants." (Emphasis added.)

dismissing a claim *sua sponte*." *Boddie v. Am. Broad. Cos.*, 731 F.2d 333, 336 n.2 (6th Cir. 1984). However, the district court did not *sua sponte* dismiss plaintiffs' *claim*; it *sua sponte* dismissed the nonmoving parties who were in the same factual and procedural posture as the moving parties. Plaintiffs had the opportunity to argue the sufficiency of their claim against the defendants; the failure of Blankenship and the Walker Defendants to file their own motion to dismiss does not cure the defects in plaintiffs' complaint that prevented it from surviving a motion to dismiss. Thus, we affirm the district court's judgment regarding the nonmoving defendants.

IV.

Next, plaintiffs allege that the district court erred in denying their motion to amend the complaint to include, *inter alia*, the Blankenship affidavit. A district court's denial of a motion to amend is reviewed for an abuse of discretion. *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006). We have held that a district court "abuses its discretion when we are left with the definite and firm conviction that its conclusion was a clear error of judgment." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (citing *In re Bever*, 300 B.R. 262, 264 (B.A.P. 6th Cir. 2003)). Plaintiffs argue that "the District Court abused its discretion by denying their motions to amend the Complaint because the Plaintiffs' motions were filed early in the litigation and the Defendants would not have been prejudiced at all by the Plaintiffs' amendment." This is not sufficient to demonstrate an abuse of discretion. At best, plaintiffs have shown that it

would have been permissible for the district court to have granted their motion; they have not shown

that the district court abused its discretion by refusing to do so.[2]

### V.

Finally, plaintiffs argue that the district court improperly converted the motion to dismiss into

a motion for summary judgment without notifying plaintiffs. Plaintiffs note correctly that generally

a district court must convert a motion to dismiss into a motion for summary judgment if it considers

material outside of the pleadings. The district court undoubtedly referred to material outside of the

pleadings. Specifically, the court referred to Blankenship's affidavit and deposition, both of which

were submitted as exhibits to defendants' reply brief in support of the motion to dismiss. However,

---

[2] Furthermore, although not argued by the parties, we lack jurisdiction to resolve this issue because it was not raised in plaintiffs' notice of appeal. Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires the parties to "designate the judgment, order, or part thereof being appealed" in the notice of appeal. Plaintiffs' notice of appeal specifically states that they "are appealing the dismissal of this case by Order entered on the 6th day of March, 2008, docket #58 . . . ." Docket #58 is the district court's dismissal of the underlying claim. The district court denied plaintiffs' motion to amend with docket #46, and their second motion to amend with docket #53.

The Supreme Court has held that "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006) (describing Rule 3's requirements as "mandatory and jurisdictional in nature"). Plaintiffs' failure to reference the order denying their motion to amend in the notice of appeal prevents this court from reviewing it. "Congress has limited this Court's appellate review to issues designated in the notice of appeal." *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001); *see also Brown v. Cassens Transport Co.*, 546 F.3d 347, 352 (6th Cir. 2008) ("The plaintiffs filed a motion for leave to file an amended complaint, but they did not appeal the district court's denial of this motion in their Notice of Appeal. Therefore, that decision is not before us."); *Caldwell v. Moore*, 968 F.2d 595, 596 (6th Cir. 1992) ("where a notice of appeal specifies a particular order, only the specified issues related to that order may be raised on appeal."). Thus, we conclude that this issue is not properly before the court.

the district court did not explicitly convert the motion to dismiss to a motion for summary judgment. Thus, we must determine whether the district court properly considered the Blankenship statements in the context of a motion to dismiss, or whether the district court erred by converting the motion into a motion for summary judgment without giving proper notice to plaintiffs of its intention to do so.

Defendants note that we have identified circumstances in which a district court may consider non-record material without converting the motion to dismiss into a motion for summary judgment. In *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997), we held that while "a plaintiff is under no obligation to attach to his complaint documents upon which his action is based . . . a defendant may introduce certain pertinent documents if the plaintiff fails to do so." The present case differs from *Weiner* in that defendants did not file the Blankenship exhibits in response to plaintiffs' complaint; rather, they filed them in response to plaintiffs' supplemental brief. After defendants filed the motion to dismiss, the district court ordered supplemental briefing on the question of whether malicious prosecution and abuse of process can serve as a predicate act for purposes of RICO. In their supplemental brief, plaintiffs rely heavily on the Blankenship affidavit. Plaintiffs use the phrase "smoking gun" five times to describe the statement, but did not attach the statement as an exhibit. We conclude that allowing defendants to introduce the statement that plaintiffs relied upon is within the bounds of *Weiner* and that the district court could consider it without converting the motion to dismiss into a motion for summary judgment.

In the alternative, if the district court was required to treat the motion to dismiss as a motion for summary judgment, such error was harmless. Plaintiffs cannot claim to have lacked notice that the court would consider the Blankenship exhibits when plaintiffs themselves referred to the exhibits in their own brief. *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975) (holding that a party who itself referred to evidence outside the record cannot claim unfair surprise when the district court treats the motion to dismiss as a motion for summary judgment).

## VI.

For the reasons stated above, we affirm the judgment of the district court.