## WAIVER AS TO PROOF OF LOSS.

Court of Appeals for Portage County.

THE AMERICAN NATIONAL INSURANCE COMPANY v. FRANCES A.
EUCE.

Decided, October 1, 1913.

*Fire Insurance—Company May Waive Finding of Proof of Loss—
Within the Prescribed Time—Waiver May be Shown by Act and
Conduct—Whether There Was a Waiver is a Question for the Jury.*

1. The requirement of a clause in a policy of insurance that proofs of
   loss shall be filed within sixty days after such loss occurred
   "unless such time is extended in writing by the company" may
   be waived by the company. Dissenting opinion in *Billings* v. *In-
   surance Co.*, 6 C.C.(N.S.), 567, approved and followed.

2. Such waiver need not be in writing but may arise from such acts
   and conduct on the part of the company, after the sixty days have
   passed, as show an intention on the part of the company to re-
   linquish its right to enforce such requirement.

3. Whether or not such acts amount to a waiver of such condition is
   a question of fact for the jury.

*W. J. Mooney,* for plaintiff.
*Smart, Marvin & Ford,* contra.

METCALFE, J.; NORRIS, J., concurs; POLLOCK, J., dissents.

This action was brought by Frances A. Euce, defendant in
error, against the plaintiff in error to recover upon an insurance
policy. Mrs. Euce recovered judgment in the common pleas
court and the case is here on error. The petition sets out the
policy which is in the standard form. The answer states a num-
ber of defenses, none of which are necessary to be considered
except the one setting out a clause in the policy requiring proofs
of loss to be made within sixty days after loss unless the time is
extended in writing by the company, and claiming a failure to
comply with that clause.

The sole question in this case arises under this defense. It is
conceded that the proofs of loss were not filed within the time
required by the policy. The defendant claims a waiver of.

that condition by the company. We agree with what was said in argument by the learned and experienced counsel for plaintiff respecting the right of an agent to waive this condition in the policy. Neither the agent who procured the policy nor the adjuster as such had any right to waive any of the terms of the policy. Such waiver could only be made by the company itself. But whether the company intended to waive any of its rights must be determined by the acts and conduct of the business in hand, and of those who were giving their time to the investigation and adjustment of the loss. The company could act only through its duly authorized agents and servants, and we must look to their acts to determine that intention. The clause in the policy relating to the proofs of loss reads as follows:

"* * * and within sixty days after the fire unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire." * * *

Could there be a waiver of the terms of this policy, unless such waiver is made in writing by the company? The requirements of the proofs of loss is not for the benefit of the insured. It is something that must be done after the loss occurs. It is for the benefit of the insurer to enable him to act intelligently in regard to the loss. That is the object of requiring the proofs to be filed within a limited time. This requirement being for the benefit of the company, it seems clear that the company has a right to waive it. A waiver means nothing more than that the company will not insist upon the letter of the contract, and if the insured fails to file the proofs of loss within the required time but the company still continues to act with relation to the loss as though the proofs had been filed, would not this amount to a waiver of the condition, or at least would it not be evidence the jury would have a right to consider in determining whether there had been a waiver of the condition?

In the case of *The Enterprise Insurance Company of Cincinnati* v. *Parisot*, 35 O. S., 35, we find the following in the first paragraph of the syllabus:

"A policy required immediate notice and proofs of loss within thirty days. The notice was given, and a protest made out on the day the loss occurred, which was afterward handed to the insurance adjuster when he came to investigate the loss, but he went on and made a full investigation, after which he told the insured that he had shown no cause of loss, and that it must have been unseaworthiness of the boat, or negligence; but promised after he made his report he would write and inform him whether the insurer would pay; and he reported all the facts, whereupon the insurer decided that it was not liable, and so informed the agents through whom the insurance was affected without stating the ground of the decision, and the adjuster did not write to the insured as he promised. *Held*: That whether there had been a waiver of the proof of loss was properly left to the jury, under appropriate instructions."

So in the case of *Mutual Life Insurance Company* v. *French,* 30 O. S., 240:

"A policy of insurance contained the usual clause of forfeiture for non-payment of premiums. Departing from the strict rules of the company, a duly authorized agent had allowed the cash part of the premium to be paid in one-half cash, the other half by short time note. Upon the 6th of July, 1867, the day the premium was due the agent received the check of the assured for half cash due and a six month's note, giving the renewal receipt for a year. The note contained the clause "if not paid at maturity said policy shall be null and void.' Neither the check or note was paid. *Held*: That the mere fact that the note was not paid at maturity did not of itself avoid the policy. It gave the insurance company the option of declaring a forfeiture, but this option must be asserted by clear and unequivocal acts. The clause of forfeiture being inserted in the note for the benefit of the company, may be waived by failure to act, or other circumstances evincing an intention not to claim the benefit of the stipulation. Whether the company has exercised, or waived their rights, is a question of fact for the jury under all of the circumstances of the case."

I quote also from *May on Insurance*, Sec. 311:

"A clause in the policy of insurance, that nothing but a distinct specific agreement, clearly expressed and indorsed on the policy shall operate as a waiver of any printed or written condition, warranty or restriction thereon, refers to those conditions

and provisions of the policy which enter into and form a part of the contract of insurance, and are essential to make it a binding contract between the parties, and which are properly designated as conditions, and not to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing preliminary proof of loss.''

In *Billings* v. *Insurance Company,* 6 C.C.(N.S.), 567; 27 C. D., 552, a majority of the court held that a failure to file proofs of loss within the time required by the conditions of the policy avoided the policy, and that the conditions requiring proofs to be filed within a definite time could only be waived by the company in the express manner provided for in the policy. We are prepared to assent to the doctrine announced by the majority of the court in that case, so far as it holds that no agent could waive the condition of the policy as to the filing of proofs of loss except in the manner therein provided. We think, however, it is a different question whether or not the company itself has waived the condition of the policy by its acts and conduct after the time for filing the proofs of loss had expired.

It is sufficient for us to say further in regard to this case that the majority of this court are in accord with the views expressed by Judge Parker in the dissenting opinion and regard it as the true expression of the law.

From the cases cited it seems to us reasonably clear that the company may waive a provision in the policy made for its own benefit, and generally whether or not there had been such waiver will be a question for the jury to decide. So in this case we are of the opinion that whether or not there was a waiver by the company of the conditions, requiring proofs of loss to be filed within sixty days, was a question of fact for the jury, or the jury being waived a question of fact for the trial judge. In this case a jury was waived and the case submitted to the trial judge, but the rule is the same whether the case was tried to a jury or to a judge. This court has no right to disturb the verdict unless it is manifestly against the weight of the evidence.

After the fire Mrs. Euce put her case in the hands of Smart, Marvin & Ford, attorneys in Cleveland. Mr. Marvin, one of her attorneys, called up by telephone Mr. F. C. Carroll, a well-

known insurance adjuster at his office in Cleveland and inquired if he had anything to do with the case, and Mr. Carroll informed him that he had, and also informed him that there were some suspicious circumstances regarding the fire, and that he was making an investigation. Mr. Carroll also said that the company believed that Euce set fire to the building and that there was other insurance, and he did not believe the company would pay; but he and another adjuster were looking the matter up and when they got sufficient information they would let him know. Possibly this telephone conversation was incompetent, as Mr. Marvin was not acquainted with Carroll and did not know his voice. In any event it would only serve as an introduction to what followed. Some time afterward, however, Marvin again called up Mr. Carroll and had another talk with him, and Carroll said they were still making an investigation, the fire marshal had been at Kent, also that there was another adjuster employed by another company looking into the matter, and when he heard from them he would let him know the result. Marvin says this was about the 1st of March and would be more than sixty days after the loss occurred. Two or three telephone conversations followed between Marvin and Carroll relative to the adjustment of the matter without litigation, Mr. Marvin insisting upon a settlement of the loss and Mr. Carroll saying they could not or would not settle while the investigation was on. That condition continued until the following November when Mr. Carroll informed Marvin that the company would not pay the loss and gave as a reason for refusing to do so that the grand jury of Portage county had indicted Mr. Euce for setting fire to the property. In none of these conversations was anything said regarding the failure to file proofs of loss within the sixty days required by the policy, and when Mr. Carroll finally informed Mr. Marvin that the company would not pay the loss, it was put upon an entirely different ground than that of the failure to file the required proof. This was several months after the time for filing the proofs of loss had expired.

What is necessary to constitute a waiver?

The company had an undoubted right to require that the proofs of loss should be filed within the time and in the manner

required by the policy. A waiver is an intentional relinquishment of a known right (*Benneche* v. *Insurance Co.,* 105 U. S., 360 *Hoxie* v. *Insurance Co.,* 32 Conn., 40; 85 Am. Dec., 240), or such conduct as warrants an inference of the relinquishment of such right. *Burham* v. *Casualty Co.,* 117 Mich., 142; *Insurance Co.* v. *Thomas,* 82 Fed. Rep., 407.

It happens where one in possession of a right, conferred either by law or by contract, does something inconsistent with the existence of the right or his intention to rely upon it. *Bishop's Contracts,* Section 792.

At the expiration of sixty days after the loss the company could have planted itself squarely upon the failure of the insured to file such proofs, and no question could have arisen of its relinquishment of such right. The company, however, did not see fit to do that. The matter was left open for a period of several months after the time had expired, and no question was made by the company with regard to the proofs of loss, and finally when the intention of the company not to pay was announced, its decision was put upon an entirely different ground than that of the failure to file the proofs of loss. All of these acts of the company were evidence in determining the question whether or not the company had waived its right to stand upon the failure of the plaintiff to file the proofs in time. We are clear that the finding of the lower court can not be reversed upon this question. Let it be understood we do not hold that the acts of the company as shown by the evidence as matter of law constitutes a waiver of the conditions of the policy. We do hold that they are evidence tending to show such waiver, and that the finding of the trial court upon that question is conclusive, and not manifestly against the weight of the evidence.

The judgment is affirmed.