Washburn, J.
The record discloses that Frank Bello sued the city of Cleveland to recover damages for personal injury sustained by him when he stepped off the sidewalk onto a narrow strip of land about one foot in width between the walk and the fence, which was on the property line of the adjoining lot, which was used for manufacturing purposes.
The manufacturing company had a pipe running underground from its boiler and connecting with the sewer in the street; there was a leak in the pipe under the sidewalk, and the hot water escaped, which caused a part of the earth near the curb and twelve or more feet from the place of the accident, to settle down, leaving a hole; the city being notified of the hole, but not knowing the cause of it, filled it up; a day or so later, and before any other cave-in appeared, the plaintiff, while walking along the sidewalk, stepped onto the ground on the opposite side of the walk and broke through into a hollow space containing hot water, and steam, and his leg was scalded. The cause of the cave-in was discovered after the accident.
In the petition plaintiff claimed that he fell into an open excavation filled with boiling water, and that the city had notice of the existence of the same and negligently allowed it to exist in the street, *299 wholly unguarded and unmarked. Plaintiff failed to prove these allegations, but insists that the city is liable because it had sufficient notice to put it upon inquiry as to the condition underground, and that it is, therefore, charged with notice that the subsoil had been washed away leaving a thin crust of earth over such pool of scalding water, because a thorough investigation would have revealed that fact.
The city denied all notice or knowledge of such situation, or that it was charged with notice, or that it was negligent. As a second defense, the city pleaded that all of the conditions complained of by plaintiff were created and maintained by the owners of said manufacturing plant, and that plaintiff had sued the owners of said manufacturing plant for the same injuries, basing said suit upon the same conditions, and that' said suit was compromised and settled for $2450, which was paid to plaintiff by said manufacturing company in full settlement of plaintiff’s claim against said company. These facts being established when the plaintiff rested his case, the court below arrested the testimony from the jury and rendered judgment for the defendant.
In doing so, we do not find that the trial court committed error.
As we view it, there was no evidence tending to show that the city had, or should have had, notice of the condition underground beneath the one foot space between the walk and fence, and especially of the existence or presence of hot water at said place. There were no facts proven which would warrant the jury in determining that the city *300 should have anticipated that such or any similar accident would or could have happened at said place. The plaintiff stepped in no hole, for none was there. Whatever of danger there was, was hidden below the ground. The real cause of the injury was the hot water, and we see nothing in the evidence which can properly be said to charge the city with notice of its existence. Moreover, the first notice any one had of any defect in the vicinity was only a few days before the accident; that was remedied at once, and even if the circumstances were such that the city should have anticipated that other holes might appear, there was nothing which would lead a reasonable person to even suspect that there might be hot water under the surface, into which pedestrians might fall and be scalded.
This is our view, but if it is possible that the evidence presented a question which the court should have submitted to the jury the record discloses that the court was justified in arresting the case from the jury on another ground.
The active wrong or negligence which produced the situation was that of the manufacturing company; it' caused the washing away of the subsoil 'and filled the space' with hot water; the city was in no sense responsible for that condition, and was liable, if at all, only because the statute made it liable to the injured party for its omission of duty to protect the public against the consequences of the overt acts of the manufacturing company. But the party primarily liable was the manufacturing company which actively created a nuisance, and if the city had been sued in the first instance, and recovery had against it, it could in turn *301 recover from the perpetrator of the wrong, the manufacturing company. Morris v. Woodburn, 57 Ohio St., 330.
In that situation if the injured party sues the party primarily responsible for his injury, and receives satisfaction from such party, he cannot then sue the city for the same injury; he can sue either, at his election, but he cannot sue them jointly. Village of Mineral City v. Gilbow, 81 Ohio St., 263.
Where there is but one wrong and one injury, there can be but one satisfaction; it would be different if both were active and independent wrongdoers, or if there were concerted action, but where one is by statute simply made liable for the wrongful acts of another, and that other responds in damages for his wrong to the injured party, there can be no further recovery.
Plaintiff’s suit against the manufacturing company, his subsequent settlement, and the full satisfaction of his claim, are a complete bar to this action.

Judgment affirmed.

Dunlap, P.J., and Vickery, J., concur.