**UNITED STATES of America, Appellee,**

v.

**Chester MERIWETHER, Defendant–Appellant.**

**No. 90–1075.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 3, 1990.

Decided Oct. 26, 1990.

Joseph P. Zanglin, (argued), Detroit, Mich., for defendant-appellant.

Kathleen Moro Nesi, (argued), Asst. U.S. Atty. (Stephen J. Markman, U.S. Atty., Detroit, Mich., on the brief), for appellee.

Before KENNEDY, BOGGS and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Chester Meriwether appeals from a judgment, entered in the Eastern District of Michigan, Julian A. Cook, Chief Judge, on a conditional guilty plea, convicting him of a narcotics offense. The appeal brings up for review an order which denied

---

* Honorable William H. Timbers of the United States Court of Appeals for the Second Circuit, sitting by designation.

a motion to suppress evidence. The condition was that appellant reserved his right to appeal from the suppression order. That is the sole issue pressed by appellant on appeal.

In denying the motion to suppress, the district judge accepted the Report and Recommendation of the magistrate, which concluded (1) that appellant's Fourth Amendment rights had not been violated; and (2) that the government's action did not violate Title III of the Omnibus Crime Control and Safe Streets Act ("Title III"), as revised by 18 U.S.C. § 2511(1) (1988) of the Electronic Communications Privacy Act ("ECPA").

On appeal, appellant renews his claims first asserted on the motion for suppression of evidence in the district court. He asserts that the seizure of the telephone number message from a paging device violated his Fourth Amendment rights. He also asserts that Drug Enforcement Administration ("DEA") agents intercepted his telephone number message in violation of the ECPA.

We hold that the government did not violate appellant's Fourth Amendment rights or Title III.

We affirm.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On November 4, 1988, agents of the DEA executed a search warrant at a residence in Detroit. The search warrant authorized the agents to search for and seize "all evidence of narcotics and controlled substance use ... including address books, notebooks, cash, records, papers, ledgers, tally sheets, telephone numbers of customers, suppliers, couriers...."

Upon executing the search warrant, the agents recovered, among other items, a fully loaded revolver, drug paraphernalia including a scale, boxes of baggies, a mobile telephone and a RAM communications pager. Agents also arrested two men present in the residence. The RAM pager belonged to one of the men arrested.

The pager seized was an electronic digital display-type pager capable of receiving and storing messages from a touch-tone telephone. The pager had the capacity to receive and store a total of five numeric messages, each containing up to fifteen digits. An incoming sixth message would replace the first stored message, which then would become irretrievable. Pressing a button on the pager would result in the stored numbers being displayed.

The pager and all of the other items seized were removed to the Detroit office of the DEA. The pager was seized in the "on" position. From the time of its seizure, the pager was activated by incoming calls. Agents monitoring the pager recorded forty incoming phone numbers. Several of the phone numbers recorded were followed by a "911" emergency code.

One of the numbers, which appeared repeatedly with the "911" emergency code, was chosen at random and called by a DEA agent. The agent spoke with a man identified as Chester. During the conversation, Chester asked if the caller was "Boner". The agent replied in the affirmative. Chester then arranged to purchase a quarter of a kilogram of cocaine from the agent for $4,800 at a designated time and place. At the designated time and place, appellant appeared and identified himself as Chester. The agents arrested appellant and seized $4,690 from his person.

Appellant moved to suppress evidence of his phone number and all subsequent phone conversations with DEA agents. On September 29, 1989, the magistrate issued a report recommending that the motion be denied. The district court accepted the magistrate's recommendation on October 20, 1989, after reviewing appellant's objections. Appellant then pleaded guilty to attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(2) and 846 (1988). Pursuant to the plea agreement, appellant reserved the right to appeal from the order denying his motion to suppress evidence.

This appeal followed.

## II.

We turn first to appellant's claim that his Fourth Amendment rights were violated when a government agent seized his phone number from the pager. He contends that the agent's seizure of his telephone number from the pager was not within the scope of the warrant. He also contends that he had a reasonable expectation of privacy in the transmitted phone number that was protected under the Fourth Amendment. We find his contentions to be without merit.

Appellant's assertion that the seizure of his phone number from the pager was not within the scope of the warrant is not persuasive. The magistrate held that the evidence seized from the pager was within the scope of the warrant, likening the seizure of the pager to the "seizure of a personal telephone book believed to contain the numbers of suppliers or customers.... The later, off-the-premises activation of the pager to obtain [Meriwether's] number is no more intrusive than the later, off-the-premises opening of a personal telephone book to obtain what might be incriminating evidence." We agree.

The warrant specifically authorized the agents to search for and seize "telephone numbers of customers, suppliers, couriers". In *United States v. Reyes*, 798 F.2d 380, 383 (10th Cir.1986), the court held that a warrant authorizing seizure of drug trafficking records included records contained on a cassette tape. "In [this] age of modern technology and commercial availability of various forms of items, the warrant could not be expected to describe with exactitude the precise form records would take." *Id.* Similarly, in *United States v. Beusch*, 596 F.2d 871, 877 (9th Cir.1979), the court held that as long as an item contains evidence reasonably related to the scope of the warrant, it should not be suppressed.

The digital display pager, by its very nature, is nothing more than a contemporary receptacle for telephone numbers. A number of recent decisions in our Court illustrate the pager's fundamental importance in today's drug trade. *See, e.g., United States v. Draper*, 888 F.2d 1100 (6th Cir.1989); *United States v. Swidan*, 888 F.2d 1076 (6th Cir.1989); *United States v. Sailes*, 872 F.2d 735 (6th Cir.1989); *United States v. Mendez–Ortiz*, 810 F.2d 76 (6th Cir.1986), *cert. denied*, 480 U.S. 922 (1987). The agent in the instant case, by seizing and examining the contents of the pager, was acting in conformity with the warrant. A warrant authorizing seizure of phone numbers is specific enough to empower the executing officer to seize the numbers in whatever form they may appear as long as the officer does so within the time authorized by the warrant. *Reyes, supra*, 798 F.2d at 383 (permissible to seize a "specific item characteristic of a generic class of items defined in the warrant"). We therefore hold that the agent's seizure of appellant's phone number from the pager was authorized by the warrant.

Even assuming *arguendo* that the warrant did not authorize the seizure of appellant's phone number, appellant has not otherwise asserted a valid Fourth Amendment claim.

The Fourth Amendment protects a person's legitimate expectation of privacy from invasion by government action. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). When considering whether a person has a legitimate expectation of privacy, we must make the familiar two-prong inquiry: first, whether the individual, by his conduct, has exhibited a subjective expectation of privacy; and second, whether that expectation is one that society accepts as reasonable. *United States v. Padin*, 787 F.2d 1071, 1075 (6th Cir.), *cert. denied*, 479 U.S. 823 (1986).

Appellant asserts that he had a reasonable expectation of privacy when he transmitted his number to the pager. He relies principally on *United States v. Katz*, 389 U.S. 347 (1967). His reliance on *Katz* is misplaced.

In *Katz*, government agents intercepted a telephone conversation by attaching a listening device to a phone booth. The Court held that "[t]he Government's activities ... violated the privacy upon which [the defendant] justifiably relied while us-

ing the telephone booth and thus constituted a 'search and seizure' within the meaning of the Fourth Amendment." *Id.* at 353.

■ Our court has expounded the first part of the two-prong inquiry as being: "whether, in the words of the *Katz* majority, the individual has shown that 'he seeks to preserve [something] as private.' [389 U.S.] at 351."
*United States v. Padin,* 787 F.2d at 1075 (quoting *Smith v. Maryland,* 442 U.S. 735, 740 (1979)). Here, appellant fails to show that he has sought to preserve a message as private by transmitting it into a paging receiver over which he has no control. Indeed, the Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith, supra,* 442 U.S. at 743–44. We have followed the general theory set forth in *Smith.* In *United States v. Passarella,* 788 F.2d 377 (6th Cir.1986), an agent, armed with an arrest warrant, entered the defendant's home. While there the agent answered several telephone calls for the defendant. Apparently believing that the agent was the defendant, the callers made incriminating statements about the sale of drugs. We held that the Fourth Amendment does not protect a wrongdoer's misplaced trust that the one intended to receive a communication will actually receive it. *Passarella, supra,* 788 F.2d at 380. We held that the district court properly admitted evidence of the phone conversations. *Id.* at 382.

A party sending a message to a pager has expressed his subjective desire to preserve his privacy even less than in the telephone situation. When one transmits a message to a pager, he runs the risk that the message will be received by whomever is in possession of the pager. Unlike the phone conversation where a caller can hear a voice and decide whether to converse, one who sends a message to a pager has no external indicia that the message actually is received by the intended recipient. Accordingly, when a person sends a message to a pager, he runs the risk that either the owner or someone in possession of the pager will disclose the contents of his message.

Since the actual confidentiality of a message to a pager is quite uncertain, we decline to protect appellant's misplaced trust that the message actually would reach the intended recipient. *Passarella, supra,* 788 F.2d at 380; *see also United States v. Whitten,* 706 F.2d 1000 (9th Cir.1983) (no reasonable expectation of privacy in audible message left on telephone answering machine), *cert. denied,* 465 U.S. 1100 (1984); *United States v. Bonfiglio,* 713 F.2d 932, 937 (2d Cir.1983) (no reasonable expectation of privacy in lawfully seized cassette tape).

Based on the rationale set forth above, appellant's Fourth Amendment rights were not violated. Since appellant's claim to Fourth Amendment protection for pager messages fails, we do not need to address the question of whether society is prepared to recognize as reasonable an expectation of privacy in messages sent to pagers of this type, in light of their ubiquitous use in drug trafficking.

### III.

We turn next to appellant's statutory claim under Title III.

Appellant contends that the seizure of his telephone number from the pager was an illegal "interception" in violation of Title III, as revised by the ECPA, 18 U.S.C. § 2510, *et seq.* (1988). He contends that all evidence obtained from that seizure should be suppressed pursuant to 18 U.S.C. § 2518(10)(a) (1988).

The government asserts that the agent's conduct in seizing appellant's phone number from the pager did not violate Title III. The government also asserts other grounds for denying appellant's motion to suppress under Title III. Since we hold that the agent's seizure of appellant's phone number did not violate Title III, we do not reach the other grounds asserted by the government.

■ Under the ECPA, the interception of electronic communications is unlawful. "Except as otherwise specifically provided in this chapter, any person who (a) intentionally intercepts, endeavors to in-

tercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication; ... [shall be subject to sanctions]."

18 U.S.C. § 2511(1) (1988). "Intercept" is defined in Title III as the "aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical or other device...." § 2510(4). While neither the statute nor the ECPA's legislative history deals with electronic pagers in great detail, the legislative history and analogous case law provide us with some guidance.

■ The Senate Judiciary Committee illuminated what might be considered an "interception" of a pager communication:

"Radio communications *transmitted over a system* provided by a common carrier are not readily accessible to the general public.... [T]he unauthorized interception of a display paging system, which includes the *transmission* of alphanumeric characters over the radio, carried by common carrier, is illegal."

S.Rep. No. 541, 99th Cong., 2d Sess. 15, *reprinted in* 1986 U.S.Code Cong. & Admin.News 3555, 3569 (emphasis added). Accordingly, Congress contemplated dealing only with "transmissions" which were unlawfully intercepted. In the instant case, once the agent heard the pager emit a signal, the transmission over the system had ceased. Since the transmission had ceased, the subsequent retrieval of the message was not an "interception" as contemplated by the drafters of the statute.

Cases which interpret "intercept" support this conclusion. For example, in *Smith v. Cincinnati Post & Times–Star*, 475 F.2d 740, 741 (6th Cir.1973), a party to a phone conversation recorded the dialogue and subsequently disclosed it to other parties. We held that "there is no 'interception' or 'eavesdropping' [as defined by Title III] *when a party to a conversation, ...* records that conversation." *Id.* (emphasis added).

In the case before us, the agent lawfully had possession of the paging device. By pressing the digital display button, he be-

came a party to the communication. Thus, the agent did not "intercept" appellant's number when he displayed it. *Smith, supra,* 475 F.2d at 741.

■ Moreover, the agent did not acquire the contents of the communication by "electronic, mechanical or other device" as proscribed by the definition of "intercept". § 2510(4). In *United States v. McLeod*, 493 F.2d 1186 (7th Cir.1974), a government agent stood four feet from the defendant while she made a telephone call and he overheard conversations indicating illicit gambling activities. Since the agent in *McLeod* did not use any electronic, mechanical or other device in obtaining the evidence, the court held that he did not "intercept" the communication within the meaning of the statute. *Id.* at 1188.

Similarly, the agent in the instant case, after legally obtaining the pager, simply pressed the digital display button and the challenged evidence appeared. The agent then visually observed the telephone numbers and recorded them. He did not utilize any electronic, mechanical or other device as proscribed by the statute. The agent did not "intercept" appellant's telephone number within the proscription of the statute.

■ Furthermore, having found that there was no constitutional violation of appellant's rights, *supra* § II, we cannot under the ECPA grant appellant's requested remedy—suppression. The ECPA does not provide an independent statutory remedy of suppression for interceptions of electronic communications. 18 U.S.C. § 2518(10)(c) (1988); S.Rep. No. 99–541, 99th Cong., 2d Sess. 23, *reprinted in* 1986 U.S.Code Cong. & Admin.News 3555, 3577.

We hold that the agent's seizure of appellant's phone number from the pager was permissible under Title III and the district court properly rejected appellant's statutory claim in denying the motion to suppress.

## IV.

To summarize:

Appellant has neither asserted a claim cognizable under Title III, nor advanced a valid Fourth Amendment claim. We hold that the district court properly denied appellant's motion to suppress.

Affirmed.