**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1102
_____

UNITED STATES OF AMERICA

v.

ROBERT J. RICE,
                    Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(No. 1:14-cr-00119-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 13, 2017

Before:  CHAGARES, JORDAN, and FUENTES, *Circuit Judges*

(Opinion filed: November 16, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge.*

Robert Rice appeals his jury conviction for knowing possession of child pornography, and knowing receipt and distribution of child pornography. For the following reasons, we will affirm.

**I.**

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. Rice, who was an officer in the United States Army, had a laptop computer. Without his knowledge, his wife, Marilyn Rice-Goldie, installed a spyware program called "Spector Pro" on the laptop. Spector Pro—the presence of which was not readily apparent to computer users—monitored and reported on the activity of Rice's entire computer, including accounts on the laptop that Rice had not authorized Rice-Goldie to access. Among other things, Spector Pro logs keystrokes, takes screen shots, captures web sites visited, and saves the contents of searches, emails and chats.

After installing Spector Pro, Rice-Goldie reviewed Spector Pro's records and discovered child pornography on the laptop. Rice-Goldie eventually turned the laptop over to the police. Based on Rice-Goldie's reports, the police obtained a search warrant and found evidence of child pornography on the laptop.

Rice was charged with one count of knowing possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), and one count of knowing receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Before trial, Rice moved

2

to suppress the evidence seized under the above warrants, arguing, *inter alia*, that it was acquired in violation of the Wiretap Act.[1]  The District Court denied Rice's motion.

In May 2016, Rice was tried by jury.  On the first day of trial, Rice-Goldie appeared as a government witness.  During defense counsel's cross-examination of Rice-Goldie, the prosecutor erroneously commented, in the jury's presence, that defense counsel's questioning might elicit information related to "a separate investigation into a national security issue."[2]  Defense counsel immediately objected and moved for a mistrial.  After speaking with counsel at sidebar, the District Court took a recess to consider the transcript and how to proceed.  After the recess, the District Court spoke further with counsel about their respective arguments, but ultimately rejected defense counsel's motion for a mistrial.  Rather, after recalling the jury, the District Court delivered a short curative instruction informing the jury that the prosecutor's reference to a national security investigation was in error and instructing them to disregard it.  With that, Rice's trial continued and the prosecutor's remark was not mentioned again during the rest of the five-day trial.

---

[1] The Wiretap Act, 18 U.S.C. § 2510, *et seq.*, "formally known as the 1968 Omnibus Crime Control and Safe Streets Act," was technically superseded by the Electronic Communications Privacy Act of 1986. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 110, 113 n.7 (3d Cir. 2003), *as amended* (Jan. 20, 2004).  For the sake of convenience, we refer to the Wiretap Act throughout.

[2] App. 301.

Ultimately, the jury convicted Rice on both counts.[3]  Rice was then sentenced to 142 months' imprisonment, to run concurrently with the four-year term of imprisonment imposed by the Army following court-martial.  This appeal followed.[4]

## II.

Rice appeals his conviction on two grounds.  First, Rice contends that the District Court erred in denying his pretrial motion to suppress all evidence that the government seized pursuant to warrants based on Rice-Goldie's alleged violation of the Wiretap Act.  Second, Rice argues that the District Court abused its discretion by denying his motion for a mistrial and instead giving a curative instruction after the prosecutor erroneously mentioned once in the jury's presence that Rice's case was related to "a separate investigation into a national security issue."[5]  We address these issues in turn.[6]

### A.    Suppression Motion

Rice first maintains that the District Court should have suppressed evidence obtained through Rice-Goldie's installation of Spector Pro on his laptop as a wrongful

---

[3] On Rice's motion, the court later dismissed Rice's conviction under 18 U.S.C. § 2252A(a)(5) pursuant to the Double Jeopardy Clause of the Fifth Amendment because Rice was convicted by court-martial for the "same offense." App. 903.

[4] The District Court had jurisdiction under 28 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

[5] App. 301.

[6] "We review the denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the [D]istrict [C]ourt's properly found facts." *United States v. Jackson*, 849 F.3d 540, 544 (3d Cir. 2017) (quoting *United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006)).  The District Court's denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. Liburd*, 607 F.3d 339, 342 (3d Cir. 2010).

interception of his electronic communications under the Wiretap Act.[7] This argument fails. "The Wiretap Act does not provide a suppression remedy for electronic communications unlawfully acquired under the Act."[8] Instead, 18 U.S.C. § 2515—the Wiretap Act's suppression provision—only mandates the exclusion of unlawfully intercepted wire and oral communications.[9] Indeed, while the legislative history for the USA Patriot Act demonstrates that Congress considered amending § 2515 to extend to electronic communications, no such provision was added.[10]

Recognizing that § 2515's exclusion rule does not apply to electronic communications, Rice asserts that 18 U.S.C. § 2517(3) creates, by negative implication, a suppression remedy for electronic communications under the Wiretap Act. We reject this argument. Section 2517(3) does not suggest that unlawfully intercepted electronic

---

[7] The Wiretap Act defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(12).

[8] *United States v. Steiger*, 318 F.3d 1039, 1052 (11th Cir. 2003); *see also United States v. Meriwether*, 917 F.2d 955, 960 (6th Cir. 1990) ("The [Electronic Communications Privacy Act] does not provide an independent statutory remedy of suppression for interceptions of electronic communications.").

[9] *See* 18 U.S.C. § 2515 ("Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court . . . if the disclosure of that information would be in violation of this chapter.") (emphasis added); *United States v. Barajas*, 710 F.3d 1102, 1110 n.5 (10th Cir. 2013) ("In 1986, Congress amended [the Wiretap Act] with the Electronic Communications Privacy Act, and clarified that only wire and oral communications are subject to statutory suppression.").

[10] *See Steiger*, 318 F.3d at 1050.

communications should be suppressed.[11]  Rather, § 2517(3) merely describes the limited purposes for which information concerning electronic communications received by authorized means may be disclosed under the Wiretap Act.[12]

### B.    Mistrial Motion

Lastly, Rice argues that the District Court abused its discretion in denying his motion for a mistrial based on the prosecutor's incorrect statement, before the jury, that Rice's case was related to "a separate investigation into a national security issue."[13]  We disagree.  The prosecutor's single reference to a national security investigation, which occurred on the first day of trial and was not mentioned again during the rest of the five-day trial, was corrected by the District Court's prompt and succinct curative instruction, and could not have prejudiced Rice in light of the overwhelming evidence presented regarding Rice's possession, receipt, and distribution of child pornography.[14]

---

[11] *See United States v. Jones*, 364 F. Supp. 2d 1303, 1308 (D. Utah 2005) ("[I]t is clear from the general context of § 2517(3) that it does not create by implication a suppression remedy for electronic communications.").

[12] *See* 18 U.S.C. § 2517(3) ("Any person who has received, by any means authorized by this chapter, any information concerning a wire, oral, or electronic communication . . . may disclose the contents of that communication . . . while giving testimony under oath or affirmation in any proceeding held under the authority of the United States . . . ."); *see also Jones*, 364 F. Supp. 2d at 1308 ("Read in context, § 2517 describes the limited purposes for which communications received by authorized means may be used or disclosed; its effect has no implication for communications received by unauthorized means.").

[13] App. 301.

[14] *See United States v. Rivas*, 493 F.3d 131, 140 (3d Cir. 2007) ("A mistrial is not required where improper remarks were harmless, considering their scope, their relation to the context of the trial, the ameliorative effect of any curative instructions and the strength of the evidence supporting the conviction.").

## III.

For the foregoing reasons, we will affirm Rice's conviction.