Thompson v. Thompson, et al.          CV-02-091-M    05/30/02
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Basil W. Thompson,
      Plaintiff

      v.                                  Civil No. 02-91-M
                                          Opinion No. 2002 DNH 108
Anne M. Thompson and
Michael Tranchemontagne,
      Defendants


                            O R D E R


      Basil W. Thompson has sued his wife and her brother under 18

U.S.C. §§ 2511 and 2520 for allegedly copying 1,760 files from

his personal computer, including 324 pieces of electronic mail

("e-mail").   (The Thompsons are in the process of divorcing.)

Plaintiff also asserts a state law claim for invasion of privacy.

Before the court are motions to dismiss the federal cause of

action for failure to state a claim, see FED. R. CIV. P. 12(b)(6),

filed separately by each defendant.   Plaintiff objects.   For the

reasons given below, defendants' motions to dismiss are granted.



                        Standard of Review

      A motion to dismiss for "failure to state a claim upon which

relief can be granted," FED. R. CIV. P. 12(b)(6), requires the

court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must "accept as true all well-pleaded allegations and give plaintiffs the benefit of all reasonable inferences." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999) (citing Gross v. Summa Four, Inc., 93 F.3d 987, 991 (1st Cir. 1996)). "Dismissal under FED. R. CIV. P. 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Cooperman, 171 F.3d at 46 (citing Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989)).

## Factual Background

For the purpose of deciding whether to grant defendants' motions to dismiss, the facts of this case, as alleged in plaintiff's complaint, are as follows. Basil and Anne Thompson are divorcing. On March 26, 2001, April 2, 2001, and April 9, 2001, defendant Tranchemontagne, at the request of Anne Thompson, connected a data transfer cable to Basil's personal computer and

2

copied, to a laptop computer, 1,760 computer files, including 324 pieces of e-mail.  This suit followed.

## Discussion

Both defendants move to dismiss, on grounds that: (1) copying stored e-mail is not unlawful under 18 U.S.C. § 2511; and (2) in the absence of a federal claim, supplemental jurisdiction over plaintiff's state claim should be declined.  Defendant Tranchemontagne further argues that in addition to failing to state a claim under 18 U.S.C. § 2510, et seq., (the Wiretap Act, as amended by Title I of the Electronic Communications Privacy Act ("ECPA") of 1986), plaintiff has also failed to state a claim under 18 U.S.C. § 2701, et seq., (the Stored Communications Act, also known as Title II of the ECPA).  Plaintiff objects, arguing that stored e-mail is protected by § 2511, as indicated by a 1996 amendment to 18 U.S.C. § 2510(12).

Plaintiff bases his federal claim on a chapter of the United States Criminal Code entitled "Wire and Electronic Communications Interception and Interception of Oral Communications," which was originally enacted as part of the Omnibus Crime Control and Safe

3

Streets Act of 1968.  That statute makes it unlawful to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  18 U.S.C. § 2511(1)(a).  The recovery of civil damages for violations of § 2511 is authorized by 18 U.S.C. § 2520.

In addition to proscribing the intentional interception of electronic communications, the statute contains the following relevant definitions.  "'[I]ntercept' means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  18 U.S.C. § 2510(4).  "'[C]ontents', when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication."  18 U.S.C. § 2510(8).

> "[E]lectronic communication" means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce, but does not include-
> **(A)** any wire or oral communication;
> **(B)** any communication made through a tone-only paging device;

4

> **(C)** any communication from a tracking device (as defined in section 3117 of this title); or
> **(D)** electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds.

18 U.S.C. § 2510(12). (The 1996 amendment upon which plaintiff relies added subsection (D) to § 2510(12)). Finally, "'electronic communications system' means any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." 18 U.S.C. § 2510(14).

In a criminal case pre-dating both the 1996 amendment, on which plaintiff relies, and the ECPA of 1986, the Fifth Circuit construed the term "intercept," as used in the Wiretap Act, to include a requirement that the acquisition of a communication be contemporaneous with its transmission. United States v. Turk, 526 F.2d 654, 659 (5th Cir. 1976). In Turk, the court declined to extend the protection of the Wiretap Act to a situation in which police officers listened to a tape recording, that they had not made, of a telephone conversation involving the defendant.

5

Id. at 656.  In reaching its conclusion, the court held "that no new and distinct interception occurs when the contents of a communication are revealed through the replaying of a previous recording."  Id. at 659.

In a civil case pre-dating the 1996 amendment, but post-dating the ECPA of 1986, the Fifth Circuit held that the "during-transmission" requirement, while initially recognized in the context of traditional telephone wiretapping, also applied to the interception of electronic communications, including e-mail.  See Steve Jackson Games, Inc. v. U.S. Secret Service, 36 F.3d 457 (5th cir. 1994).  In Steve Jackson Games, the court held that

> the seizure of a computer, used to operate an
> electronic bulletin board system, and containing
> private electronic mail which had been sent to (stored
> on) the bulletin board, but not read (retrieved) by the
> intended recipients, [did not] constitute[] an unlawful
> intercept under the Federal Wiretap Act, 18 U.S.C. §
> 2510, et seq., as amended by Title I of the Electronic
> Communications Privacy Act of 1986.

Id. at 458 (citation omitted).  In so holding, the court paid close attention to the statutory language, and in particular, "the fact that, unlike the definition of 'wire communication", the definition of 'electronic communication' does not include

6

electronic storage of such communications."  Id. at 461

(citations omitted, emphasis in the original).  In other words,

the court reasoned that because § 2511 proscribes the

interception of electronic communications, and because the

category of "electronic communications" includes the transfer but

not the storage of various forms of data, the acquisition of

stored e-mail – electronic data that are no longer in the process

of being transferred – does not qualify as the interception of

electronic communications.[1]  In so holding, the court further

---

[1] Similar results have been reached by a number of other
courts.  See, e.g., United States v. Reyes, 922 F. Supp. 818,
836-37 (S.D.N.Y. 1996) (citing United States v. Meriwether, 917
F.2d 955, 960 (6th cir. 1990) (retrieving numbers stored in
pager's memory did not constitute interception of electronic
communications); Bohach v. City of Reno, 932 F. Supp. 1232, 1236
(D. Nev. 1996) (retrieval of alphanumeric pager messages stored
in computer files did not constitute interception of electronic
communications); United States v. Moriarty, 962 F. Supp. 217, 220
(D. Mass. 1997) (listening to stored voice-mail messages is not
interception because that form of access does not take place
while information is in transmission); Wesley Coll. v. Pitts, 974
F. Supp. 375, 387 (D. Del. 1997) ("the plain language of the ECPA
[18 U.S.C. § 2510 et seq.] reflects [that] Congress did not
intend for 'intercept' to apply to electronic communications in
'electronic storage'"); United States v. Simons, 29 F. Supp. 2d
324, 329-30 (E.D. Va. 1998), remanded on other grounds, 206 F.3d
392 (4th Cir. 2000) (18 U.S.C. §§ 15 and 16, pertaining to the
use of evidence obtained from wiretaps and to the authorization
of wiretapping, do not apply to acquisition of e-mail from
storage); Fraser v. Nationwide Mut. Ins. Co., 135 F. Supp. 2d
623, 635 (E.D. Pa. 2001) (acquisition of e-mail from post-
transmission storage does not constitute interception); Eagle
Inv. Sys. Corp. v. Tamm, 146 F. Supp. 2d 105, 112 (D. Mass. 2001)

7

noted that while Title I of the ECPA applies to the interception of electronic communications, "unauthorized access to stored wire or electronic communications" is covered by Title II of the ECPA, the Stored Communications Act. Steve Jackson Games, 36 F.3d at 462 (citing 18 U.S.C. § 2701(a)). Moreover, the court found "no indication in either the Act or its legislative history that Congress intended for conduct that is clearly prohibited by Title II to furnish the basis for a civil remedy under Title I as well." Id. at 462-63.

Based upon the plain language of 18 U.S.C. §§ 2510-11, as supported by uniform judicial construction, plaintiff has failed to state a claim under § 2511. Rather, he only asserts that defendant Tranchemontagne downloaded stored files, including e-mail, from his computer. Nowhere in his complaint does plaintiff mention any act by defendants that meets the "during-

---

("the ECPA did not eliminate the during-transmission requirement from the Wiretap Act"). By contrast, plaintiff has not identified a single reported case reaching a contrary result, other than Konop v. Hawaiian Airlines, Inc., 236 F.3d 1035 (9th Cir. 2001), which is no longer pertinent, the opinion having been withdrawn by the issuing court. See Konop v. Hawaiian Airlines, Inc., 262 F.3d 972 (9th Cir. 2001).

transmission" requirement necessary to allege the interception of an electronic communication.[2]

Plaintiff apparently concedes that he has not alleged facts to support a claim that defendants acquired his e-mail while in transmission, but argues that Steve Jackson Games was wrongly decided and that, in any event, the 1996 amendment to 18 U.S.C. § 2510(12) plainly indicates Congress's understanding that the ECPA, as enacted in 1986, protected electronic communications both during transmission and in electronic storage. Leaving aside the absence of authority supporting plaintiff's position, particularly in light of the Ninth Circuit's withdrawal of Konop, plaintiff's interpretation of 18 U.S.C. § 2510(12)(D) is unpersuasive.

---

[2] The logic of the "during-transmission" requirement is made evident by Congress's concern, in enacting the original Wiretap Act, with protecting interstate commerce by regulating the acquisition of information from interstate communication networks. See Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, §§ 801(a)-(b), 82 Stat. 197, 211 (1968). An e-mail, intercepted while in transmission, has been acquired from an interstate communication network, while a copy of an e-mail, acquired from the hard drive of a personal computer, has not been.

By enacting § 2510(12)(D), in 1996, Congress amended the definition of "electronic communication" to exclude "electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds." In plaintiff's view, the forgoing amendment exempts a particular form of stored electronic communication from the definition of "electronic communication," which necessarily suggests that, prior to the amendment, all forms of stored communication data fell under the statutory definition of "electronic communication."

To the contrary, all that may be fairly inferred from the language of § 2510(12)(D) is that, prior to its enactment, the definition of "electronic communication" included information stored in communications systems. Here, however, plaintiff has not asserted that the disputed e-mail was acquired from a communications system, only that it was downloaded from his personal computer. In other words, he does not allege that defendants acquired information from his computer when it was on-line and, arguably, part of a communications system. While plaintiff's legal argument might have some force if he had

10

alleged that defendants acquired his e-mail from his internet service provider, which might be considered a communications system, he has made no such allegation, and thus, his reliance upon § 2510(12)(D) is unavailing.

In summary, because the facts alleged by plaintiff, even if proven, would not amount to an interception of electronic communications, plaintiff has failed to state a claim under 18 U.S.C. § 2511. For that reason, defendants' motions to dismiss, as to Count I, are granted.[3]

Having dismissed plaintiff's federal claim, all that remains is his state invasion of privacy claim. Given that this case is "at an early stage in the litigation," Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)), and in the interest of comity, see Camelio, 137 F.3d at 672 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)), the court declines

---

[3] Because plaintiff has made no claim under 18 U.S.C. §§ 2701, et seq., despite having been informed by defendant Tranchemontagne of the potential applicability of the Stored Communications Act, there is no need to reach defendant's argument that plaintiff has failed to state a claim under that statute.

to exercise supplemental jurisdiction over the state law claim in asserted Count II.

## Conclusion

For the reasons given above, both Tranchemontagne's motion to dismiss (document no. 2) and Anne Thompson's motion to dismiss (document no. 4), as to Count I, are granted. The court declines to exercise supplemental jurisdiction over the remaining state law claim, which is dismissed, without prejudice to refile in a state court of competent jurisdiction. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 30, 2002

cc:   Gregory D.H. Jones, Esq.
      Christine A. Desmarais-Gordon, Esq.
      Thomas J. Donovan, Esq.

12